## David. L. McNeill v. John C. Hallmark.

A judgment of a justice of the peace for a sum within his jurisdiction, and after service of citation on the defendant, is merely erroneous and not void, although rendered on a promissory note which was not due when the suit was commenced, and although rendered before the expiration of five days after the service of citation upon the defendants, and although the plaintiff in the judgment answered that the judgment was void, and he wished it to be treated as a nullity. (Paschal's Dig., Arts. 1187, 1189, Notes 442, 182.)

The remedy of the defendant in such case is by *certiorari* to the district court, and an injunction will not lie. (Paschal's Dig., Art. 468, Note 331, and Art. 3931, Note 924.)

APPEAL from Bastrop.    The case was tried before Hon. A. W. TERRELL, one of the district judges.

The appellant, on the 12th of January, 1861, presented his petition and obtained the order of the district judge for an *ad interim* injunction.    In his petition he alleged that the appellee, on the 31st December, 1860, instituted suit before a justice of the peace against the petitioner and his wife, on their note for $67, due and payable on the 1st day of January, 1861; that the justice of the peace issued his summons on the 31st of December, 1860, citing petitioner and his wife to appear and answer before him on the 5th day of January, 1861; that the summons was served on petitioner on the 1st day of January, 1861; and that, on the 5th of the same month, judgment for the amount of the note and for costs of suit was rendered by the justice of the peace against the petitioner, and the cause was continued as against petitioner's wife.    The petitioner alleged that these proceedings were null and void, and prayed for an injunction and for damages.

The defendant, Hallmark, in his answer, substantially admitted the allegations contained in the petition, and stated that he had instructed the justice of the peace not to issue his process upon the note until it matured; that he had since notified the justice of the peace that he claimed

no rights or benefits under the judgment; that he had never sought to enforce the judgment, and still wished the same to be held and treated as a nullity from the beginning.

The defendant also demurred, assigning, first, that the petition showed no equity; and, secondly, that the petitioner's remedy was by way of *certiorari*.

The court sustained the demurrer, and dismissed the cause at the cost of the plaintiff, who thereupon appealed. In his assignment of errors, he maintained that the demurrer should have been overruled and the injunction perpetuated, because the judgment was void for three several causes apparent on the face of the petition, viz, the suit was brought before the claim was due, the summons had not been served five days before the rendition of the judgment, and the cause was continued as to petitioner's wife and co-defendant.

*A. D. McGinnis,* for appellant.—The judgment rendered by the justice against the appellant was not merely erroneous, but absolutely null and void as disclosed on the face of the proceedings, without the introduction of extraneous proof.  It was void, because suit was brought before the cause of action had matured; because the summons of the justice had not been served on the appellant five days before judgment was rendered; because judgment was rendered against the appellant, and the case continued against his wife.

In 24 Tex. this court sustained an injunction sued out where the error complained of was that no notice for new trial had been served on the opposite party.

Donley, J.—The matter in controversy in this case is less than $100.  The issuing of the writ and the service thereof on the defendant gave the justice of the peace, who tried the cause, jurisdiction.

It is believed that the judgment of the justice was erroneous.   The appellant might have corrected this error by *certiorari* from the District Court.

That an injunction was not the remedy, is believed to have been settled by this court in the case of Fitzhugh v. Orton, 12 Tex., 5; Smith v. Ryan, 20 Id., 664; Rotzein v. Cox, 22 Tex., 65.   The judgment is

                                        AFFIRMED.