REVERSED AND REMANDED.

ROUNTREE & GREEN v. ROBERT WALKER.

1. JUDGMENT—INJUNCTION.—A judgment rendered by a justice of the peace, which is not appealed from, and which directs a forced sale of articles for its satisfaction, which are exempt under law from forced sale, is not a nullity, however erroneous; and when no means have been used to correct the error by appeal, the conclusive force of the judgment cannot be evaded by a resort to injunction.

2. DAMAGES.—A suit may be maintained in the District Court for damages for the wrongful and malicious levy of a writ of sequestration, when the amount claimed exceeds the jurisdiction of the magistrate; and this, though the judgment of the magistrate ordering that the property seized should be sold, stands in full force and not appealed from.

3. DAMAGES—PLEADING.—In a suit for damages claimed for the wrongful and malicious suing out and levying a writ of sequestration, the plaintiff should plead and show, what affidavit was made by the defendant to obtain the writ, and negative the truth of it. If no such affidavit was made, that fact should be stated, and that the writ was issued at the instance of the defendant.

4. OFFICER—DAMAGES.—No recovery can be had against an officer for malicious use of process, who, when directed by a magistrate,

levies a writ of sequestration on property, unless it is alleged and proved that he conspired with or instigated the plaintiff in the malicious issuing and levy of the writ.

APPEAL from Titus. Tried below before the Hon. J. H. Rogers.

*George T. Todd*, for appellants.—When a legal remedy exists, injunction is not proper. (2 Story Eq., sec. 887; Marine Ins. Co. *v.* Hodgson, 7 Cranch, R., 332; Truly *v.* Wanzer, 5 Howard, 142.) On third assignment, see Drake on Attach., sec. 170; Reidhar *v.* Berger, 8 B. Monroe, 160.

*S. O. Moodie*, also for appellants, cited Musgrove *v.* Chambers, 12 Tex., 32; Pryor *v.* Emerson, 22 Tex., 165; Crawford *v.* Wingfield, 25 Tex., 415, 416; Menifee *v.* Myers, 33 Tex., 691; Robinson *v.* Sanders, 33 Tex., 776. On the subject of damages, he cited Brown *v.* Tyler, 34 Tex., 172, and Taylor *v.* Hall, 20 Tex., 216.

No brief for appellee is found.

ROBERTS, CHIEF JUSTICE.—Appellee brought a suit in the District Court, to recover damages against Green for wrongfully and maliciously suing out a writ of sequestration, and against Rountree, as constable, for levying the same upon one hundred and ninety-eight bushels of corn, which is alleged to have been exempt from forced sale for the payment of his debts, by being, when levied on, all the corn he had, and not more than was sufficient for home use and consumption by himself, wife, and six children, together with his cattle, hogs, and horses; and which corn had been condemned and adjudged to be sold by a judgment rendered by a justice of the peace in Titus county, in a suit brought by said Green against said Walker, on an account for the price and value of a horse, plow, and gear, and labor done. In this suit, in the District Court, Walker prayed for and

obtained a writ, enjoining the said defendants, Green and Rountree, from selling said corn in the execution of said judgment of the justice of the peace, and also prayed a judgment for the recovery of the said corn so levied on and adjudged to be sold in satisfaction of said debt. The ground upon which the writ of sequestration was issued by the justice does not appear either in the pleadings or in the evidence. Nor does it appear why Walker did not appeal from the judgment of the justice of the peace, rendered against him for $49.75, and condemning the corn as liable to be sold in payment of the judgment.

The defendants, Green and Rountree, moved to dissolve the injunction, and excepted to the sufficiency of the petition, which motion and exceptions were overruled. They answered by a general denial, and by stating various other matters setting up a claim of lien upon the corn by contract, which claim of lien the court adjudged to be insufficient, upon exceptions of plaintiff.

On the trial, the main matter of controversy, as appears by the evidence adduced on each side respectively, seemed to be whether or not the corn levied on and adjudged to be sold by the justice of the peace, was exempt from forced sale to pay said debt so adjudged against Walker in favor of Green, which judgment was still standing in full force, and not appealed from. The jury returned into court the following verdict: "We, the jury, find for plaintiff two hundred and thirty-five dollars and costs of suit." Upon this verdict, the court rendered a judgment to the effect that the injunction be perpetuated; that Walker should recover the whole of the corn, which was adjudged to be his property, and that he recover from the defendants, Green and Rountree, the sum of money assessed by the jury, $235.

From the result reached, it is obviously not necessary to enumerate and discuss the numerous objections to the charge and rulings of the court, to the verdict of the jury, and to the final judgment rendered thereon, as contained in the motion

for new trial, and in the assignment of errors, which are amply sufficient to embrace the errors in the record.

The petition states no equitable grounds for collaterally attacking and virtually setting aside the judgment of the justice of the peace, which was the object of this suit, and which was attained in the result. However erroneous that judgment might have been, it was not a nullity. Walker had a plain legal remedy, by appeal, to relieve himself from any error in it. Having submitted to it, he cannot evade its conclusive force by a resort to equity. The injunction, therefore, should have been dissolved, upon the motion of defendants.

The exceptions of defendants, to the petition, so far as they sought to review, in this suit, the validity of the justice's judgment, should have been sustained. It follows, that so much of the judgment as perpetuated the injunction, and adjudged the corn to be restored to Walker, as his property, was erroneous.

That part of the petition which sought to recover damages for the wrongful and malicious suing out and levying of the writ of sequestration, stands on different grounds. Such a suit is maintainable, although the judgment of the justice of the peace stands in full force. Walker was not compelled to claim damages, in reconvention, in the suit before the justice of the peace. If they were of an amount sufficient to give the District Court jurisdiction, he had a right to sue for them, in a separate action, in that tribunal.

In such suit, however, he should show, by proper allegations, what affidavit was made by Green to obtain the writ of sequestration, and negative the truth of them; or, if no such affidavit was made, that fact should be alleged, so as to put in issue the wrongfulness or illegality of the writ. Usually, such an affidavit is the evidence that the writ was issued at the instance of the plaintiff in the suit. If no such affidavit was made, then it should be alleged, and otherwise shown, in evidence, that said writ was issued at the instance of the

plaintiff in the suit. The petition is deficient in that particular.

As to Rountree, who is sued as an officer, it is not perceived, from anything stated in the petition, as to him, how he could be held responsible, in this suit, for malicious use of the process, on account of his official conduct, in executing the writ, unless it had been alleged and proved that he conspired with or instigated Green, in the malicious issuing and levying of the writ of sequestration. This was not done, and still the judgment is rendered against him, equally with Green, for the amount of money assessed by the jury, which, also, is erroneous.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.