Statement of the case.

## No. 2243.

## W. T. ODOM *v.* F. R. McMAHAN.

INJUNCTION—JURISDICTION.—An injunction can not issue to restrain the
collection of a judgment rendered in the court of a justice of the peace
when the amount in controversy was less than twenty dollars. In such
a case the judgment of a justice is made final by statute, and a new
trial can be granted only in the court where the judgment is rendered.
To enjoin the collection of the judgment by writ issuing from the dis-
trict court, and judgment thereon, is virtually to permit an appeal and
try the cause de novo in violation of the statute.

APPEAL from Newton. Tried below before the Hon. W. H.
Ford.

Appellee brought this suit in the district court of Newton
county April 3, 1885, to restrain the enforcement of a judgment
for fifteen dollars rendered March 14, 1885, in a justice court, in
favor of appellant and against appellee. The petition alleged
that on December 15, 1884, M. D. Hines sued W. W. Trotti for
sixty-six dollars and sixteen cents, and at the same time sued
out a writ of garnishment against appellee; that on January 17,
1885, appellee answered the writ, admitting an indebtedness to
Trotti of fifteen dollars, and on that day judgment was rendered
in favor of Hines against Trotti for the debt sued for, and
against appellee on his answer for fifteen dollars; that on Jan-
uary 29, 1885, execution was issued, and that appellee had paid
the judgment against him. That on January 2, 1885, appellant,
as the assignee of Trotti, sued appellee for the same fifteen
dollar debt, and on March 14, 1885, recovered judgment there-
for, and it is the collection of this judgment that this suit was
brought to restrain. It was alleged that appellant had notice
of the garnishment proceedings, but not that he was a party
thereto.

The district judge granted a preliminary writ of injunction
restraining the enforcement of appellant's judgment prayed for.
Appellee filed a motion to dissolve the injunction, and answered
by setting up the assignment to him of the Trotti debt before
the issuance of the garnishment, due notice thereof to appellee,
and collusion, etc. The cause was tried by the court, and judg-

ment rendered perpetuating the injunction at the costs of appellant.

*H. C. Harrell* and *Burnett & Hanscom,* for appellant.

WILLIE, CHIEF JUSTICE.   The court below should have dissolved the injunction issued in this cause.   The appellees had every opportunity of pleading and proving, in defense of Odom's suit, all the matters which he set up in his bill or proved upon the trial of this cause, as grounds for restraining the judgment of the justice's court.   The amount in controversy was less than twenty dollars, and the judgment of a justice of the peace in such a case is made final by the statutes.   They did not intend that the justice's decision in such a case should be subject to review in another court, or that there should be a new trial of the case granted under any circumstances, except in the court where the judgment was rendered.   Yet the object of this suit, which was accomplished by the decision of the district court, was to give the benefit of an appeal to McMahan, who had lost in the justice's court, and to allow him a new trial before the district court of the very cause which had been passed upon by the justice.

There is nothing in our laws which allows a writ of injunction to serve the purposes of an appeal or certiorari; and it is directly in the teeth of the statute to use this or any other method of having the judgment set aside which the statute intended should be final.

The judgment of the court below will be reversed and the cause dismissed.

*Reversed and dismissed.*

Opinion delivered February 1, 1887.