DENSON et al. v. TAYLOR et al.

(Court of Civil Appeals of Texas.   Dec. 2, 1910.   Rehearing Denied Dec. 22, 1910.)

1. EXECUTION (§ 171*) — INJUNCTION — RESTRAINING SALE—GROUNDS.

Injunction does not lie to restrain a sale under an execution issued on a judgment merely on the ground of errors in the rendition of the judgment, which is not void; but the remedy is by appeal.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497–518; Dec. Dig. § 171.*]

2. EXECUTION (§ 171*) — INJUNCTION — RESTRAINING SALE—GROUNDS.

Under Rev. St. 1895, art. 2341, providing that the levy of an execution shall first be made on the property of the principal in the county in which the judgment is rendered, a surety may not obtain an injunction to restrain a sale of his property under an execution, unless he shows by the execution that he is a surety, and that the principal has property in the county in which the judgment was rendered sufficient to satisfy the judgment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497–518; Dec. Dig. § 171.*]

Appeal from Anderson County Court; O. C. Funderburk, Judge.

Action by W. F. Denson and others against J. D. Taylor and others to restrain a sale of property under an execution issued on a judgment. From an order refusing a temporary injunction, plaintiffs appeal. Affirmed.

REESE, J. This is an appeal from an order of the county judge of Anderson county, refusing a temporary injunction, upon the petition of appellants, to restrain the sale of property under an execution issued upon a judgment of the county court in favor of appellee J. D. Taylor against W. F. and Cora Denson and the sureties upon their bond upon appeal from the justice court, and also to restrain any further attempt to enforce said judgment. Appellants' contention is that the judgment is void.

None of the grounds set up in the petition are sufficient to render the judgment, either of the justice or county court, void. At most they present the question of error in the rendition of the judgment. The writ of injunction cannot be used for the purpose of getting the benefit of an appeal from such judgment. One of the grounds urged by appellant W. R. Petty for the injunction is that the execution has been levied upon his property, which will be sold unless the sale is enjoined; that he was only surety on the appeal bond from the justice court; and that the principals have property sufficient to satisfy the judgment. The petition does not bring the case within the provisions of article 2341, Rev. St. 1895, in that it is not stated that the property of the principals referred to is situated in the county in which the judgment is rendered, nor that the fact that Petty is only surety appears from the face

of the execution or the indorsement of the clerk thereon.

The county judge did not err in refusing the injunction, and the order appealed from is affirmed.

Affirmed.