### SMITH DRUG CO. v. ROCHELLE, Sheriff.

(Court of Civil Appeals of Texas. Feb. 9, 1911. Rehearing Denied March 9, 1911.)

1. APPEAL AND ERROR (§ 185*)—OBJECTIONS BELOW—WANT OF JURISDICTION.

The court on appeal must notice the want of jurisdiction of the trial court, whether the objection is raised by the parties or not.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1166–1178; Dec. Dig. § 185.*]

2. JUDGMENT (§ 455*)—INJUNCTION—COURTS —JURISDICTION.

Rev. St. 1895, art. 2996, providing that writs of injunction to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the court where the suit is pending or judgment was rendered, and that writs of injunction for other causes shall be returnable to and tried in the district or county courts, according to the amount in controversy, fixes the venue of trials on the merits of applications for injunctions to arrest the execution of judgments, and does not change the laws conferring jurisdiction on the county or district courts over the subject-matter.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 860–862; Dec. Dig. § 455.*]

3. COURTS (§ 121*) — JURISDICTION — AMOUNT IN CONTROVERSY.

In a suit to prevent the sale of specific property, the value of the property determines the amount in controversy in determining the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 415; Dec. Dig. § 121.*]

4. COURTS (§ 122*) — JURISDICTION — NATURE OF CONTROVERSY.

A petition, in an action by a judgment debtor to restrain the sheriff from selling or withholding goods seized under writ of execution, which alleges that the judgment was void for want of sufficient service of process, that the sheriff had seized under the execution issued on the judgment described merchandise worth $175, and which prays for an injunction restraining the sheriff from detaining the property and from further proceedings to sell it, states a cause of action to prevent the detention or selling of the property, and the amount in controversy is the value of the property, and the county court, which has cognizance only of cases involving more than $200, is without jurisdiction; for to vest it with jurisdiction to protect a loss of that sum only, the injunction must be sought as ancillary to some proceeding within the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 122.*]

5. JUDGMENT (§ 455*)—DIRECT ATTACK—JURISDICTION.

The county court is the proper forum for a direct attack to annul or restrain the enforcement of a judgment which it has rendered, and which is not void on its face.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 860–862; Dec. Dig. § 455.*]

Appeal from Bowie County Court; Joe Hughes, Judge.

Action by the Smith Drug Company against J. F. Rochelle. From a judgment denying

an application for an injunction, plaintiff appeals. Reversed, and cause dismissed.

W. H. Arnold and Glass, Estes, King & Burford, for appellant. Hart, Mahaffey & Thomas, for appellee.

HODGES, J. Appellant is a private corporation with its domicile and place of business in the state of Arkansas. It instituted this suit in the county court of Bowie county against the appellee as sheriff, for the purpose of procuring a writ of injunction restraining him from selling or further withholding from appellant certain described articles of merchandise which had been seized by appellee under a writ of execution. The petition alleges in substance that in 1908 one C. W. Greenblat recovered a personal judgment in the county court of Bowie county for the sum of $408.33 against the appellant. It is claimed that this judgment is void, because the court in which it was rendered had not acquired jurisdiction over the person of the appellant; that at the time of its rendition, and prior thereto, the appellant was a private corporation with its domicile and place of business situated in the state of Arkansas; it was not a resident of the state of Texas, and was not engaged in carrying on any business in this state; that no citation had ever been served upon it sufficient to give the court jurisdiction over its person, and that it did not enter its appearance in said cause upon the trial thereof. It is further alleged that Rochelle, as sheriff of Bowie county, acting under color of his office and by virtue of an execution issued upon the judgment above mentioned, had seized and taken into his possession certain described articles of merchandise belonging to appellant while in the custody of a common carrier in Bowie county, Tex. The value of those goods is placed at $175. The petition then concludes with the following prayer for relief: "Wherefore, premises considered, the plaintiff prays for your most gracious writ of injunction restraining the said J. F. Rochelle, sheriff of Bowie county, Tex., and his deputies, under color of his office, from further detaining said property belonging to this plaintiff, and from further interference with its transit to plaintiff's place of business in Miller County, Ark., and from further holding said property in his possession, and from further proceeding to sell the same, and from sale of the same; and commanding him to relinquish possession of said property, that it may continue in transit to the possession of this plaintiff," etc. Greenblat, the judgment creditor, is not made a party to the suit, nor was any relief asked against the enforcement of the judgment in any other respect. The case was tried before the court without a jury, and the application for writ of injunction refused.

It appears from the pleadings in the record that issue was joined upon the allegations assailing the validity of the judgment by virtue of which the execution had been issued, and the court's refusal to grant the writ was based upon the finding against appellant's attack upon its validity. While the question of the power of the court below to entertain jurisdiction of this application for writ of injunction was not raised in that court, nor in this court by any suggestion in the record, we think the case must be disposed of upon that question alone. The lack of jurisdiction is a fundamental objection, and we are required to notice it, whether raised by the parties or not. In the oral presentation of the case in this court, attention of counsel for appellant was called to that question, and, from what was there contended, it is evident that the provisions of article 2996 of the Revised Statutes of 1895 are relied upon to sustain the jurisdiction of the county court. That article is as follows: "Writs of injunction granted to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the court where such suit is pending or such judgment was rendered. Writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the state, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts," etc. Manifestly, that statute was enacted for the purpose of fixing the venue for trial on the merits of applications for injunctions instituted for the purpose of arresting the execution of judgments, and was not designed to alter the existing laws conferring jurisdiction upon either the county or district court over any given subject-matter. If this suit is one to stay execution on a judgment, as distinguished from one merely to prevent the sale or detention of specific property, then it was properly brought in the county court; but if it is not, then the district court alone had jurisdiction. In a suit which is brought for the sole purpose of preventing the sale of specific property, the value of the property is what determines the amount in controversy. De Witt Co. v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Jesse French Piano & Organ Co. v. Clay, 40 Tex. Civ. App. 638, 90 S. W. 682. In the case first cited above, the court said: "In the cases of Dean v. State, 88 Tex. 296, 30 S. W. 1047, 31 S. W. 185, and Johnson v. Hanscom, 90 Tex. 321, 38 S. W. 761, this court held that the power of the county court to issue writs of mandamus under the section of the Constitution above quoted was limited to cases exceeding $200 and not exceeding $1,000. The same rule is applicable to writs of injunction, which can only be issued by the county courts where the matter in controversy exceeds $200 and does not exceed $1,000 in value. In this case no value of the subject of the suit is alleged; therefore the application for the writ of injunction does

not bring the case within the terms of the Constitution, and the county court had no jurisdiction to issue the writ of injunction upon the facts stated. The plea in recon-vention cannot aid the petition on the question of jurisdiction to grant the writ."

The only question left for us to decide is, What is the nature of this action? Is it one to restrain execution of a judgment, or to prevent the sale or detention of specific property? Appellant has alleged that the judgment by virtue of which the writ was issued was wholly void, not merely voidable, and treated it as one subject to a collateral attack. No relief is sought against the judgment as an adjudication of its personal liability to the plaintiff in that suit. Had its prayer been granted in full the utmost relief it could have obtained would have been a decree releasing the articles levied upon and held by the sheriff. The same writ might thereafter be levied upon other property of the appellant, should any be found subject to execution. Moreover, alias executions might be issued upon the same judgment as often as permitted by law, without in the least violating the most sweeping injunction to which appellant would be entitled under its petition. According to appellant's own showing, the only damages that can result from a refusal of the writ will be the loss of property valued at $175. Hence we conclude that the suit is not one to stay the execution of a judgment, or to annul one rendered in the county court, but solely to prevent the sale or detention of the property described in the petition, and which it is sought to have released. In order to vest the county court with jurisdiction to protect a loss of that sum only, the writ must be sought as ancillary to some other proceeding of which that court may, under the Constitution, take cognizance. Such would be the case had appellant sought to have the judgment upon which the execution was based annulled, or its enforcement restrained.

We are not here called upon to decide whether or not the judgment assailed in this suit is subject to a collateral attack in the district court or any other. That question is not involved. Unquestionably, the county court would be the proper forum for a direct attack seeking to annul or restrain the enforcement of a judgment which it had rendered, and which was not void upon its face.

For the reasons discussed, the judgment of the county court will be reversed, and the cause dismissed.