MANN v. BROWN et al.   (No. 7616.)

(Court of Civil Appeals of Texas. Galveston. Jan. 30, 1918. On Motion for Rehearing, Feb. 21, 1918.)

On Motion for Rehearing.

1. JUDGMENT ⊜⇒17(11)—PROCESS TO SUPPORT —NONRESIDENTS—ATTACHMENT.

Attaching a nonresident's property and serving process on him under Vernon's Sayles' Ann. Civ. St. 1914, art. 1869, confers jurisdiction to satisfy plaintiff's demand by selling the attached property, but not to enter a personal judgment.

2. EXECUTION ⊜⇒7 — NONRESIDENT DEFENDANTS.

Where a nonresident's property has been attached and process served under Vernon's Sayles' Ann. Civ. St. 1914, art. 1869, the resulting lien and sale is unaffected by the fact that judgment was rendered by default.

3. JUDGMENT ⊜⇒17(11)—PROCESS TO SUPPORT —NONRESIDENTS—VALIDITY.

A judgment against a nonresident secured by attaching property within the state and serving process under Vernon's Sayles' Ann. Civ. St. 1914, art. 1869, is not invalid because the notice or citation did not show that defendant's property had been attached.

4. COURTS ⊜⇒480(3) — INJUNCTION — JUSTICE COURT—SELLING EXEMPT PROPERTY.

A district court has no jurisdiction to enjoin the sale of a nonresident's property pursuant to a valid justice court judgment upon the ground that such property was exempt from execution.

5. JUSTICES OF THE PEACE ⊜⇒130 — JUDGMENTS—CONCLUSIVENESS.

Justice's courts have a special and exclusive jurisdiction under the Constitution, and other courts cannot review trials therein except upon appeal, and, where no appeal is allowed, judgments rendered therein are conclusive.

Appeal from District Court, Anderson County; John S. Prince, Judge.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Petition for injunction by G. E. Mann against A. D. Brown and others. From an order dissolving a temporary writ of injunction, the petitioner appeals. Appeal dismissed.

W. R. Petty, of Palestine, for appellant. J. O. Hughes, of Palestine, for appellees.

LANE, J. This is an appeal from an order of the regular judge of the Third judicial district of Texas, dissolving a temporary writ of injunction, restraining A. D. Brown and R. D. Bryan from selling certain property of appellant, theretofore issued·by the Hon. A. G. Greenwood, special judge of the district court of Anderson county, within said Third judicial district.

The petition for injunction, among other things, alleges that on the 10th day of July, 1917, appellee R. D. Bryan filed suit in the justice court of precinct No. 1 of Anderson county against appellant, G. E. Mann, praying for judgment for the sum of $64 due by appellant to R. D. Bryan for rent of certain premises and for a foreclosure of his landlord's lien, without naming any property upon which said foreclosure was sought; that at the time said suit was filed Bryan, upon affidavit, procured the issuance of a writ of attachment and placed the same in the hands of A. D. Brown, constable, to be levied upon certain household and kitchen furniture belonging to appellant, which included one piano and three sets of bedroom furniture; that said levy was made by said Brown and that said furniture was by said Brown seized and taken into his possession under said writ; that at the time said suit was filed and at the time of the issuance and levy of said attachment, and at all times since, appellant G. E. Mann was and is still a nonresident of the state of Texas; that he was at all such times a married man and the head of a family, consisting of a wife and children, and that said furniture was at the time of such levy and seizure exempt under the law from forced sale for the payment of his debts; that on the 30th day of July, 1917, a personal judgment was rendered in said justice court in favor of appellee Bryan against appellant for the sum of $64 and for a foreclosure, and ordering the issuance of an order of sale of said furniture for the payment of said judgment; that thereafter an order of sale was issued and placed in the hands of Constable A. D. Brown, who is threatening to sell said property thereunder; that said property is of value far in excess of the amount of said judgment, but will not sell for more than one-fourth of its value; and that unless the injunction prayed for be issued he will suffer irreparable injury. He further alleged that he had no notice or knowledge that any writ of attachment had been issued and levied upon his property until the expiration of the time in which he could have appealed from the judgment rendered against him.

On the 18th day of August, 1917, Special Judge A. G. Greenwood granted a temporary injunction, restraining the sale of said property until final disposition of the cause, unless sooner modified or dissolved by the court. On the 5th day of September, 1917, appellees Brown and Bryan presented their motion to the Hon. J. S. Prince, the regular judge of said court, praying for a dissolution of said temporary injunction. On the 18th day of September, 1917, the regular judge granted said motion and dissolved the temporary injunction theretofore issued. From this action of the court in dissolving said injunction G. E. Mann has appealed.

The only description of the property involved in the suit is found in appellant's petition for injunction, and is that it is three suites of bedroom furniture and one piano. The only reference to its value is to be found in said petition, and is to the effect that it is "of value far in excess of the amount of the judgment of $64 and costs of suit."

By article 1705, Vernon's Sayles' Civil Statutes 1914, the district court is given jurisdiction of all suits, complaints, or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amounts to $500, exclusive of interest, and by article 1706 it is given jurisdiction of all causes of action whatever for which a remedy or jurisdiction is not provided by law or the Constitution. It has no jurisdiction, however, of causes of action of which exclusive jurisdiction has been conferred by law upon the county court. By article 1763 the county court is given exclusive jurisdiction over civil cases when the matter in controversy shall exceed in value $200 and shall not exceed $500, exclusive of interest.

As before stated, the value of the property involved in the present case is not shown by the pleadings of either party. The record sent to this court does not affirmatively or otherwise show the value of such property so as to show that the district court, from which this appeal is taken, had jurisdiction over the subject-matter of the suit. In the absence of such showing this court will not entertain jurisdiction of the appeal.

In a suit brought for the sole purpose of preventing the sale of specific property, the value of the property determines the amount in controversy in determining the jurisdiction of the court, and such value should be alleged. Smith Drug Co. v. Rochelle, 135 S. W. 258.

Stating the proposition more broadly: In suits to foreclose a lien when the debt sued for is less than the minimum prescribed to give jurisdiction, and the value of the property upon which the lien is sought to be foreclosed is not alleged, the petition fails to show that the·court has jurisdiction. It is

essential to the validity of the judgment in such cases that the pleadings affirmatively show that the trial court had jurisdiction of the subject-matter, and the Court of Appeals must notice the want of jurisdiction of the trial court whether the objection is raised by the parties or not. Smith Drug Co. v. Rochelle, supra; Walker Mercantile Co. v. Raney Co., 154 S. W. 317; Marshall v. Stowers Furniture Co., 167 S. W. 230; De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882.

In the case last cited the court said:

"By section 16, art. 5, of the Constitution of this state, the jurisdiction of county courts is thus defined: 'They shall have exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value $200 and not exceed $500, exclusive of interest, and concurrent jurisdiction with the district court when the matter in controversy shall exceed $500 and not exceed $1,000, exclusive of interest; * * * and the county court or judge thereof shall have power to issue writs of injunction, mandamus, and all writs necessary to the enforcement of the jurisdiction of said court.' In the cases of Dean v. State, 88 Tex. 296 [30 S. W. 1047, 31 S. W. 185], and Johnson v. Hanscom, 90 Tex. 321 [37 S. W. 601, 38 S. W. 761], this court held that the power of the county court to issue writs of mandamus under the section of the Constitution above quoted was limited to cases exceeding $200 and not exceeding $1,000. The same rule is applicable to writs of injunction, which can only be issued by the county courts where the matter in controversy exceeds $200 and does not exceed $1,000 in value. In this case, no value of the subject of the suit is alleged; therefore the application for the writ of injunction does not bring the case within the terms of the Constitution, and the county court had no jurisdiction to issue the writ of injunction upon the facts stated."

We conclude that the petition for injunction does not show a cause over which the trial court had jurisdiction and therefore this court has no jurisdiction to determine this appeal.

The appeal is dismissed.

## On Motion for Rehearing.

In our original opinion we held that as this appeal is one from an order of the district court of Anderson county dissolving a temporary injunction theretofore issued out of said court restraining the sale of one piano, three suites of bedroom furniture, and other household and kitchen furniture alleged to be the exempt property of appellant, without giving the value of such furniture and piano, it was not shown that said district court had jurisdiction of the subject-matter of the suit, and hence this court had no jurisdiction to pass upon appellant's appeal to this court, and thereupon dismissed the appeal. Since the original opinion was filed appellant has filed his motion for rehearing and insists that we erred in our said holding and in dismissing said appeal.

Appellant now calls our attention to the fact that the Supreme Court, in the case of Cotton v. Rea, 106 Tex. 220, 163 S. W. 2, held that:

"The averment of the exemption of the property from forced sale was sufficient to invoke the jurisdiction of the [district] court, regardless of the element of value."

We have carefully examined the decision referred to and find that the language above quoted is substantially the language of the Supreme Court in said decision. It was also held in that case, as in many others, that the district court in the exercise of its equity powers has jurisdiction to restrain the enforcement of a county court judgment which is a nullity, where the invalidity is affirmatively disclosed by the record, as well as void judgments of other inferior courts. It is held in the case cited, as well as by an unbroken line of decisions of our courts, that a district court is without jurisdiction to restrain the enforcement of a judgment of an inferior court, unless it is made to appear that such judgment is void. It is also substantially held in that case that, while it is settled law that to show jurisdiction to issue an injunction by the county court the value of the subject-matter must be shown to exceed $200 and not to exceed $1,000, the district courts have jurisdiction to issue injunctions in all proper cases where it is not affirmatively shown by the application that the value of the subject-matter exceeded $200 and did not exceed $500. Such being the holding of our Supreme Court, we must recede from our holding in the original opinion and gracefully bow to the superior court. But while doing so, under the authority 'of the case cited, we must hold that the district court of Anderson County was without jurisdiction to issue the writ of injunction in the present case, because it is shown by the petition for injunction that appellant sought to restrain the enforcement and execution of a judgment rendered by a justice court apparently regular upon its face and not void. In the decision under discussion, Chief Justice Phillips of the Supreme Court said:

"The judgment of the county court was clearly not void. The counterclaim urged in the justice court was sufficient in amount to give it jurisdiction on appeal. This claim constituted the subject-matter of the suit; and, having jurisdiction both of it and the parties, the court possessed the authority to render a judgment in the matter. Its jurisdiction being complete and having been lawfully exercised, its judgment was not void, however erroneous. * * * It is apparent that the district judge was without jurisdiction to issue the injunction on account of the alleged invalidity of the judgment."

The record in the present case shows appellee R. D. Bryan brought suit in the justice court of precinct No. 1 of Anderson county against appellant, G. E. Mann, a nonresident of this state, to recover upon an account of $64; that at the time said suit was filed Bryan sued out an attachment and the same was levied upon the furniture involved in this cause; that appellant was served with notice of said suit in the state of Alabama in

the manner and form as required by the law of this state for such notice upon nonresidents; that when said cause was called for trial appellant appeared not, made no defense to said suit, nor in any manner pleaded that said property levied on was his exempt property and exempt from forced sale for the payment of his debts; that judgment was rendered in said suit in favor of appellee Bryan against appellant Mann for the sum of $64 and for a foreclosure of the attachment lien upon the said furniture; that an order of sale was thereafter in due time· issued out of said justice court for the sale of said furniture to satisfy said judgment and the same was placed in the hands of appellee A. D. Brown, constable, for execution.

[1] Service of process upon a nonresident of this state may, under the provisions of article 1869, Vernon's Sayles' Civil Statutes 1914, be had to authorize the rendition of a judgment in rem, though not sufficient to authorize the rendition of a personal judgment against the party so served. In accordance with the procedure in this state, the attachment of property of a defendant and service of process upon him under said article 1869, supra, confers jurisdiction upon the court to subject the property to the satisfaction of the plaintiff's demand by sale thereof. Barelli v. Wagner, 5 Tex. Civ. App. 445, 27 S. W. 17, and authorities therein cited.

[2, 3] A lien and sale in an action against a nonresident, where jurisdiction had been acquired under the statute, is not affected by the fact that final judgment was rendered by default. Nor can such judgment be attacked on the ground that the notice or citation did not show that an attachment had issued and levied upon property of the defendant. Reid v. Mickles, 29 S. W. 563.

[4, 5] It being shown by the record that the justice court had jurisdiction to render the judgment in favor of appellee Bryan against appellant Mann, and to foreclose the attachment lien on the property involved in this suit, and that upon the trial of said cause it found that said property was subject to said lien, we hold that the judgment of said justice court was a valid judgment, was not void, and therefore the district court of Anderson county was without jurisdiction to enjoin the enforcement and execution of the same. Rountree & Green v. Walker, 46 Tex. 200; Denson v. Taylor, 132 S. W. 811; G., H. & S. A. Ry. Co. v. Dowe, 70 Tex. 1–5, 6 S. W. 790. See note 30 L. R. A. 702–706; Odom v. McMahan, 67 Tex. 292, 3 S. W. 286; Tex. Mex. Ry. Co. v. Wright, 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200; Frazier v. Coleman, 111 S. W. 662.

It has been uniformly held by all the courts of this state that the district courts have jurisdiction in proper cases to issue injunctions to restrain the sale of exempt property under execution for the satisfaction of a judgment theretofore rendered against its own-er, but we are unable to find any case holding that such injunctions can be issued to restrain the sale of property alleged to be exempt, after the parties have had their day in a court of competent jurisdiction, and where, upon trial, such court had adjudged such property to be subject to an attachment sued out in said court at the inception of the suit and levied upon such property, as in the present case, thereby creating a lien thereon; there being no showing of fraud in the procurement of such judgment or that the same was for any reason void. In the case of Railway Co. v. Dowe, above cited, the court said:

"In Anderson County v. Kennedy [58 Tex. 622], Justice Stayton clearly explains and limits the power of the district court in injunction proceedings. He says: 'The Constitution granting authority to issue writs of injunction granted all the equity powers conferred upon chancery courts in such cases without regard to amount;' and these views were followed by the court in Alexander v. Holt, 59 Tex. 205, and Day v. Chambers, 62 Tex. 191. But none of these were cases where the jurisdiction of inferior tribunals or the validity of their judgments were sought to be interfered with, but rather cases where the writ was intended to prevent persons from committing unlawful acts where there was no remedy at law. Courts of equity will not interfere to control the proceedings of other courts where there have been mere errors of law or of judgment; or where the lower court can hear and determine the dispute; or where the matter is cognizable in the inferior court, and has been there decided; or even where there is a concurrent jurisdiction. Marine Insurance Company v. Hodgson, 7 Cranch [332, 3 L. Ed. 362]; Pouder v. Cox, 26 Ga. 489; Beaudry v. Felch, 47 Cal. 184; 3 Pomeroy's Equity, §§ 1360–1365, inclusive; McNeill v. Hallmark, 28 Tex. 157; Odom v. McMahon, 67 Tex. 292 [3 S. W. 286]. In the last above cited case our court expressly declares that the district courts will not grant injunctions to correct errors of inferior courts, even where no appeal is allowed. See, also, Freeman v. Miller, 53 Tex. 372; Gibson v. Moore, 22 Tex. 611; Overton v. Blum, 50 Tex. 417. If a defendant might have had his day in court, and by his own negligence failed to appear, or if he had had a trial that resulted adversely to him no reason can be given why he should have another trial in another court, or why another court should interfere to review the proceedings or arrest the judgment where no appeal is allowed by law. The justice's court has a special and exclusive jurisdiction under the Constitution, independent of all other courts, and no other court can interfere with its proceedings to grant new trials, or to prevent the enforcement of its judgments or to review its trials, except as provided by law on appeal; and where no appeal is allowed, its judgments are final and conclusive. Same where it is made to appear that by accident, fraud, mistake, or ignorance such a wrong has been done as would authorize the prevention of the wrong if committed by any other court. It has the right to grant new trials, and if it refuses to do so another court can not invade its jurisdiction and grant a new trial for it. In the petition for injunction in this case by the company, the wrong complained of was cognizable by the justice's court, was considered and decided by the court, and because there was error in the proceedings and an illegal conclusion reached by the judgment the district court was asked to grant an injunction to set aside the judgments and perpetually enjoin their enforcement. No new trial was asked in the justice's court, but if there had been, and it had been refused (as

it doubtless would have been) the judgments could not be reviewed in the district court any more by injunction than appeal. No ground is set up in the petition that would warrant injunction, and it would be as well to complain that no appeal was allowed by law, or that the injunction could not be granted. The district courts cannot give to themselves a jurisdiction to review the errors of inferior courts, and so add to their jurisdiction powers not granted by the Constitution. Taking the allegations of plaintiff's petition as true, there was evidently injustice done the appellant, but it was such as could have been remedied by the justice upon motion for new trial, and by him alone. There was no error in the judgment of the district court in dismissing the petition and dissolving the injunction."

For the reasons pointed out we hold that the district court of Anderson county was without jurisdiction to grant the injunction in the first instance, and that this court is without jurisdiction to hear and consider the appeal. The motion is therefore overruled.

Overruled.