## REITZ v. MITCHELL et al. (No. 1530.)

(Court of Civil Appeals of Texas. El Paso. Dec. 6, 1923.)

1. **Judgment** ⬅497(2), 518—**Action held to constitute a collateral attack on judgment, and recital to import verity.**

An action for title and possession of land, in which plaintiff alleged that a judgment under which defendant claimed was rendered in personam without jurisdiction, constituted a collateral attack on the judgment, and a recital therein that defendant was duly cited imported absolute verity.

2. **Judgment** ⬅528—**Valid judgment against nonresident held not rendered void by inclusion of costs.**

The inclusion of costs in judgment against a nonresident did not render it void as a personal judgment, where the judgment recited that defendant was duly cited.

3. **Execution** ⬅8—**Judgment** ⬅28—**Invalidity as to costs held not to affect balance, and so to support execution.**

A judgment invalid as to costs, because in personam and rendered without securing jurisdiction, is nevertheless valid to the extent that the court had authority, and will support execution and sale of property.

4. **Judgment** ⬅497(3)—**Recitals as to citation held insufficient to preclude attack.**

Recitals in a judgment that defendant had been cited to appear and answer by a citation published in a newspaper more than the time required by law before the first day of the term was not equivalent to a recital of due service on a nonresident, precluding attack on the judgment.

5. **Execution** ⬅8—**Sales under void judgments are nullities.**

A sale under execution emanating from a void judgment is a nullity.

6. **Execution** ⬅249—**Mere irregularities on face of record are insufficient to set aside sale.**

The courts refuse to set aside a sale by execution on mere irregularities appearing on the face of the record, unless they clearly show the sale to be void.

7. **Judgment** ⬅460(4)—**Complaint held to state cause of action based on invalidity of a judgment.**

A complaint alleging irregularities in service of process, that a county judge rendered the judgments, and acted as agent of the judgment plaintiffs in bidding in the land, together with charges of conspiracy, collusion, and fraud, no statement of facts being filed, *held* sufficient to state a cause of action based on invalidity of the judgment.

8. **Execution** ⬅228—**That judge acted as agent in bidding in land did not render sale void.**

That a county judge who rendered judgments bought in property sold under execution as agent for the judgment plaintiffs would not alone render the sale void.

Error from District Court, Pecos County; Jas. Cornell, Judge.

Action by M. J. Reitz against Edwin Mitchell and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

R. D. Blaydes, of Ft. Stockton, and Kemp & Nagle, of El Paso, for plaintiff in error.

Blanks, Collins & Jackson, of San Angelo, Howell Johnson and O. W. Williams, both of Ft. Stockton, for defendants in error.

HARPER, C. J. Appellant brought this action in the district court of Pecos county against Edwin Mitchell, J. W. Grant, F. S. Wilson, D. E. Lindsey, and J. O. Wedin, for title and possession of certain lands, describing them, and for cause of action alleged in substance that he is the owner thereof, the common source of title, and that defendants are in possession and asserting title under and by virtue of certain judgments rendered in the county court of said county, through executions and orders of sales issued thereunder, and sales made to defendants by the sheriff by virtue thereof, alleging first that the judgments in the cases Nos. 369 and 386 are void, for the reasons enumerated hereinafter noted, and that the sales under the order of sale and execution, and the deeds executed by the sheriff, are insufficient to pass title to defendant by reason of the defects and irregularities therein, and by reason of certain alleged fraud and collusion.

The defendant filed general demurrer and special exceptions, some of which were sustained, and, the plaintiff having failed to amend, judgment was rendered for the defendants. The case is here upon writ of error for review.

[1] Taking up the propositions in the order as seems most convenient, the sixth is:

"The court erred in sustaining defendants' exceptions to all that portion of plaintiff's petition wherein he alleged that the judgment entered in cause No. 369 was invalid because it was a personal judgment entered against a nonresident of the state, without his having entered his appearance therein, and without his having been served within the state of Texas."

The allegations in the petition are that it is void for the following reasons:

(a) and (b) "The court was without jurisdiction to render a personal judgment against defendant therein, because he was a nonresident, having entered no appearance in person or by attorney, or by filing an answer."

(c) "Because it is a judgment in personam, in that it was rendered for costs."

[2, 3] The plaintiff attached a copy of this judgment to his petition and made it a part

thereof, and it recites that "defendant was duly cited to appear," etc. This is a collateral attack upon the judgment and the recital imports absolute verity, Treadway v. Eastburn, 57 Tex. 209; Mabee v. McDonald, 107 Tex. 139, 175 S. W. 676; and the fact that costs were included does not render it void, Read v. Gillespie, 64 Tex. 42. If such makes it a personal judgment to that extent, there is nothing on the face of the decree to show that the defendant was a nonresident. But if it should be held to be a personal judgment to the extent of the costs, it is valid to the extent that the court had authority to render it, and will support execution and sale of the property attached. Barelli et al. v. Wagner, 5 Tex. Civ. App. 445, 27 S. W. 17; Foote v. Sewall, 81 Tex. 660, 17 S. W. 373.

[4, 5] In cause No. 386 the judgment may be proven to be void by the records of the court, for it shows upon its face to be a judgment upon a nonresident citation, and as to service it recites:

"It appearing to the court that defendant has been cited to appear and answer herein by a citation published in the Ft. Stockton Pioneer, * * * said citation having been published more than the time required by law, before the first day of this term of court."

Which is not equivalent to a recital of due service. And the citation shows that a portion of the amount sued for was a balance from cause No. 369, and the balance costs incurred. There was no statement of the evidence filed in the record so alleged. It follows that, if void, the sale under execution emanating therefrom is a nullity. Williams v. Borchers (Tex. Civ. App.) 244 S. W. 1053; Borders v. Highsmith (Tex. Civ. App.) 252 S. W. 270.

[6, 7] The courts refuse to set aside a sale by execution upon mere irregularities appearing upon the face of the record, unless they clearly show the sale to be void. Trans-Pecos Land & Irrig. Co. v. Orno Co-op. Irr. Co. (Tex. Civ. App.) 180 S. W. 928. But in addition to alleged irregularities appellant alleged fraud and collusion and the sale and purchase of the lands, under the execution as follows:

"Sixth. The plaintiff further alleges that he has reason to believe and does believe, and alleges it to be a fact, that the said defendants and others did connive, conspire, and colluded among themselves and with each other to secure the said lands at said sales for a grossly inadequate price, and far below its reasonable value, and without the knowledge of this plaintiff; that Howell Johnson, county judge, rendering both judgments aforesaid, acted as the agent of both J. W. Grant and F. S. Wilson in bidding in said land at sheriff's sale, all of which, in connection with the irregularities herein above set out, worked a legal fraud upon the rights and title of this plaintiff in and to said lands; and in this connection the plaintiff would further allege that at the time of the institution of said cause No. 386 both F. S. Wilson and his attorney, who made the application for the citation in said cause, and the affidavit attached to the petition therein, wherein he alleges that this plaintiff's residence was unknown, was untrue, that this plaintiff's then residence was in fact known to the defendant F. S. Wilson; and this plaintiff could and should have received actual notice of such sales thereunder, and thereby then have protected his interests in said property, and that if his said residence was not in fact known to the said F. S. Wilson, or to his attorney (which plaintiff herein does not admit, but denies), his residence could have been ascertained by the exercise of reasonable and due diligence from records in the office of the county clerk of Pecos county, Tex., concerning said land."

[8] The fact that the judge who rendered the judgments bought in the property for the defendants would not alone be sufficient to void the sale. Smith v. Perkins, 81 Tex. 152, 16 S. W. 805, 26 Am. St. Rep. 794. But we have reached the conclusion that the combined charges of irregularities in the process, citation by publication, together with the charge of conspiracy, collusion, and fraud, and no statement of facts filed are sufficient to state a cause of action as to the validity of judgment in No. 386. And as to the processes under which the sales under both said judgment were made the allegations as to collusion and fraud, as to defects therein, failure to give notice of sale, where appellee had knowledge of the residence of defendant, considered in connection with the gross inadequacy of the sale price, compared to actual value of the property, are sufficient to void the sales as to both judgments. Bender v. Damon, 72 Tex. 92, 9 S. W. 747; Stone et al. v. Day, 69 Tex. 13, 5 S. W. 642, 5 Am. St. Rep. 17.

Reversed and remanded.