CONTINENTAL FIRE ASSOCIATION v. MASONIC TEMPLE COMPANY.

Decided April 17, 1901.

**1.—Fire Insurance—Mutual Companies—Power to Issue Unconditional Policy.**

Where a mutual insurance company is incorporated for the purpose of carrying on a general fire insurance business, and there is nothing in its charter or the statute prescribing the mode and manner of doing this business, it is authorized to issue policies in the usual manner, that is, unconditional policies, undertaking for a fixed premium to insure the property for a stated sum.

**2.—Same—Ultra Vires—Insuring Outside the State.**

Where the charter of a mutual insurance company permits it to insure property situated in Texas only, and it issues a policy on property situated in Canada, and receives the premiums thereon, it can not invoke its want of power to issue such policy as a defense in an action thereon, such contract being an executed one.

Appeal from Bexar.   Tried below before Hon. S. J. Brooks.

*Armstrong & Hanger,* for appellant.

*W. W. King* and *Semp Russ,* for appellee.

JAMES, CHIEF JUSTICE.—The appellant insured a building and fixtures therein, situated in London, Ontario, owned by appellee, a Canada corporation.   The appellant is a mutual fire insurance corporation created under the laws of Texas without an authorized or subscribed capital, for the purpose, as expressed in its charter, of pecuniary profit by carrying on a general fire insurance business.   Article 2 of the charter reads:   "The principal office and place of business of this association shall be in the city of Fort Worth, Tarrant County, Texas, but it shall have power to transact business throughout the State of Texas, and to that end maintain such local district officers as may be necessary or convenient."   Article 4 declares that no person shall ever be a member of the association who is not a resident citizen of the State of Texas. Article 5 of its charter provides, among other matters, that every person holding a policy or policies of insurance in said association shall be considered a member thereof, provided that no member shall be entitled to vote who has not carried a policy or policies for three or more consecutive years.   Articles 6 and 7 of the charter provide for the creation of an immediate reserve fund and also a guarantee fund, each to be raised by issuance of the corporation's certain notes or certificates of indebtedness which may be made to participate in such dividends as are paid

policy holders in certain proportions, and by article 7 the holders of the latter class of notes or certificates are declared to be members and entitled to vote. By one of the by-laws it is declared that no person shall ever become a member who is not a resident of the State of Texas.

Appellant, it appears, had an agency in the city of Philadelphia, and through such agency issued its policy to appellee on its property in London, Ontario, receiving the premium; and afterwards during the life of the policy the property was destroyed by fire. This action is to recover the amount of the policy.

The cause was submitted upon the following issues of law: (2) Does the fact that defendant company was not authorized to do business in the Dominion of Canada invalidate said policy, or constitute a defense to the plaintiff's action? (3) Did the defendant company, as a mutual fire insurance company under the laws of the State of Texas, have authority to issue the policy sued on in this case, and if not, does such want of authority constitute a defense to this action? (4) Did the officers of defendant company have authority to insure property on behalf of said defendant company, situated in the Dominion of Canada, and if not, does such want of authority on the part of the officers constitute a defense to this cause of action, want of authority in said officers being unknown to plaintiff company?

The court rendered judgment for plaintiff.

The first assignment of error is that the court erred in respect to the third of said issues, by holding that defendant had authority to issue the policy, and that the policy was binding, because a mutual insurance association has no authority to issue an absolute, unconditional policy whereby it undertakes, for a fixed premium, to insure property for a stated sum. The purpose of this association as declared by its charter is to carry on a general fire insurance business. There is nothing in the charter or in the statute prescribing the mode and manner of doing this business, and it was therefore authorized to issue policies in the usual manner. The position appellant takes is that a mutual fire insurance company must provide in its contract of insurance for an assessment of its members in case it should be necessary in order to pay losses, and it must also provide that if the available assets of the association are not sufficient to pay a policy, the deficiency shall be collected by assessment on members. This is not a matter for the court to prescribe, where the Legislature has not seen fit to impose such an obligation on members for the security of policy holders.

The second and third assignments are in reference to the decision of the second and fourth issues. Appellant's contention is embodied in its propositions as follows: "(1) The policy having been issued in violation of appellant's charter and of the laws of Texas, and of the laws of the Dominion of Canada, is ultra vires and void. (2) Appellant is not estopped from setting up the ultra vires character of said contract as a defense to plaintiff's action."

According to the charter of this corporation its members,—and of

course all policy holders, who are, as such, members,—must be resident citizens of the State of Texas. And we regard the charter as permitting it to insure property situated in Texas only. Nevertheless it appears to have had agents outside of the State, and to have issued this policy to a nonresident corporation insuring property in Ontario. The company received and accepted the premium, and it was an executed contract of insurance. The authorities on the subject of a corporation's liability in cases where it acts outside its chartered powers in transacting its business are conflicting, but in this State it has been decided upon careful consideration of the question, that where the contract is executed and the corporation has received the benefits of it, it can not invoke its want of power as a defense. Bond v. Manufacturing Co., 82 Texas, 309. The fact that a permit may have been required in Canada to do business there does not affect this principle. We shall not undertake to repeat the reasoning of the case just cited.

It is common knowledge that insurance companies generally transact their business in foreign countries. A corporation chartered to transact a certain business may lawfully do business elsewhere than in the country where it receives its charter, unless the terms of its charter or the laws of such country restrain it. This corporation was organized for fire insurance and was engaged in soliciting such insurance outside of the State. Persons taking its policies in a distant country do not know, and could not be expected to know, the terms of its charter, nor the laws of the State chartering it. This degree of diligence by the insured would be incompatible with carrying on such business in remote countries. Insurance Co. v. Shaw, 94 U. S., 578; 5 Thomp. on Corp., sec. 5973. The members of this corporation were presumably cognizant of the fact that the company was insuring outside of the State, and must have known that in so doing it was acting beyond its powers. They could have taken steps to prevent the exercise of such acts by electing officers who would keep its business within its charter, or by taking proceedings to dissolve the corporation for such excesses. Under these circumstances it would be more just and equitable that the loss should fall upon them, rather than that the one thus insuring in good faith should lose his insurance. It was admitted that plaintiff was ignorant of the contents of defendant's charter and by-laws, and there is nothing on the face of the policy or accompanying it which would have apprised anyone of defendant's lack of power to issue this policy. The judgment is affirmed.

*Affirmed.*

Writ of error refused.