### ALVORD NATIONAL BANK v. WAPLES-PLATTER GROCER COMPANY.

#### Decided February 27, 1909.

**1.—Pleading Construed—Demurrer.**

In a proceeding in the nature of a bill of review to set aside a judgment in a Justice Court, answer of defendant considered, and held to raise no issue of fact and to be in effect a demurrer and should be so treated notwithstanding a recital in the judgment that the court "heard the evidence."

**2.—Bill of Review—Justice Court—Jurisdiction.**

Justice Courts have power as to matters within their jurisdiction when seasonably presented, to hear and grant petitions in the nature of bills of review alleging sufficient cause for setting aside judgments procured by fraud.

**3.—Same—Statute Construed.**

The statute (article 1651, Rev. Stats.) forbidding a justice of the peace to grant a new trial after ten days from judgment, and the decisions under the practice Act of the District and County Courts to the effect that a new trial cannot be granted after the term at which a judgment is rendered, do not preclude a proceeding in a Justice Court in the nature of a bill of review to set aside a judgment for fraud.

Appeal from the County Court of Wise County. Tried below before Hon. C. V. Terrell.

*McMurray & Gettys,* for appellant.—The petition of appellant, Alvord National Bank, alleging fraud in the procurement of the judgment had in the Justice Court on the 11th of June, 1906, against it, stated a good cause of action which, if true, entitled said bank to have said judgment vacated by said Justice Court; and if said Waples-Platter Grocer Co. intended to contest the decree of the justice of the peace, vacating said judgment, by appeal to the County Court it should have been required in said County Court to contest the truth of the allegations in said petition.

The relief prayed for in said petition on the facts therein alleged could not be justly denied in the absence of an answer putting in issue the truth of such facts, and not then without first giving the bank a hearing and opportunity to prove its cause of action; and the action of the court in summarily entering judgment against the bank was error. Rose v. Darby, 33 Texas Civ. App., 341, and authorities there cited; 2 Pomeroy's Equity Jurisprudence, sec. 919, p. 418; 2 Amer. & Eng. Ency. of Law, p. 263; Storey's Equity Pleading, sec. 426-428; Shipman's Equity Pleading, p. 316.

The Justice Courts in Texas are vested with general equity juris-

diction over all matters within their jurisdictional amount, and they have equal power with the County and District Courts to vacate judgments when shown to have been obtained by fraud where the subject matter and amount involved is within their jurisdiction. Rose v. Darby, 33 Texas Civ. App., 341; Brown v. Dutton, 38 Texas Civ. App., 294; Crawford v. Sandridge, 75 Texas, 383; Gibson v. Moore, 22 Texas, 611; Constitution, art. 5, sec. 19; Rev. Stats., art. 1568.

The answer of Waples-Platter Grocer Company, being nothing more than an exception to the petition of the bank or plea to the jurisdiction, and having been filed out of the due order of pleading, it was error for the court to take it up, entertain, and act upon it over the objection of the bank.

It was not within the power or province of the County Court to order the justice of the peace to proceed to execute a judgment which that justice of the peace had theretofore set aside and vacated because of fraud in its procurement.

*W. H. Bullock,* for appellee.

CONNER, CHIEF JUSTICE.—*On Motion for Rehearing.*—The proceedings that we are called upon to review on this appeal originated by a petition in the nature of a bill of review in behalf of appellant filed in the Justice's Court of precinct number one, Wise County, November 10, 1906. The petition sought to set aside a judgment of said Justice's Court theretofore rendered on June 11, 1906, in a garnishment proceeding by appellee against appellant. It was alleged in substance that said judgment of June 11 had been procured against appellant as garnishee by fraud, in that appellant had been prevented from appearing and answering by means of false and fraudulent promises and representations on the part of appellee and its attorney. On April 8, 1907, the justice upon hearing of the petition to vacate the judgment, granted it as prayed for, and thereupon at once further proceeded to hear the original garnishment proceeding upon its merits, all parties being present and participating in the trial, which resulted in a judgment vacating the judgment of June 11, 1906, and in favor of appellant upon the merits in the garnishment suit decreeing that appellee take nothing thereby. From this judgment of the justice of the peace appellee appealed to the County Court of Wise County which rendered the judgment from which this appeal has been prosecuted. The judgment of the County Court declared the judgment of the Justice's Court of April 8, 1907, granting a new trial, to be null and void and reinstated the judgment of said Justice's Court of June 11, 1906, declaring it to be in full force and effect, and ordering its execution.

On original hearing the contention was made, as is again urged on motion for rehearing, that the judgment of the County Court was upon demurrer only, but inasmuch as there is no statement of facts, and inasmuch as the County Court judgment recites that the court "heard the evidence," we concluded that the hearing of the County Court was upon the merits of appellant's petition to set aside said judgment of June 11, 1906. The record in the cause is in a

very confused state, but on review of our former conclusions we have been unable to find any answer on the part of the appellee that raised an issue of fact. There is in the record what purports to be an amended answer to appellant's petition to impeach and vacate the first judgment of the Justice's Court. It is as follows:

"Now, at this time comes the plaintiff, the Waples-Platter Grocery Company, and amending the answer heretofore filed, says: That the justice of the peace, precinct No. 1, Wise County, Texas, was without jurisdiction to render the judgment so rendered on April 8, 1907, against plaintiff setting aside the former judgment that had been rendered in plaintiff's favor against said Alvord National Bank on the —— day of ——, and that said last named judgment setting aside said former judgment was and is null and void. Wherefore plaintiff prays that said last named judgment granting a new trial and setting aside said former judgment be decreed by this court to be null and void and of no effect, and that this court render judgment in favor of plaintiff for the amount of said former judgment and all costs; but if this court should conclude that such is not the proper remedy, then plaintiff prays that said justice of the peace be directed, commanded and enjoined to proceed to execute said former judgment against said Alvord National Bank and to issue execution thereon as required by law, and for general relief."

No answer other than the one quoted in behalf of appellee is to be found in the record or is indicated in the transcript from the Justice's Court. This answer, we think, fails, as before stated, to raise an issue of fact and is wholly in the nature of a demurrer. From which it follows, notwithstanding the recitation in the court's judgment, that the County Court could only proceed on the theory that as a matter of law the Justice's Court was without jurisdiction, as urged in the answer, to entertain and determine the petition to vacate his former judgment, there being no pleading under which an issue of fact was determinable. That the court did so proceed is indicated by a bill of exceptions to be found in the record; if so, the conclusion reached was erroneous, for we entertain no doubt of the power of Justice's Courts, as to matters within their jurisdiction, when seasonably presented, to determine petitions in the nature of bills of review alleging sufficient cause to set aside judgments for fraud, and we so indicated in the original disposition of this case. It is true that it has been several times decided that under the statute (Revised Statutes, article 1651), a justice of the peace has no power to grant a new trial after the expiration of the ten days allowed. Adams v. Casey-Swasey Co., 15 Texas Civ. App., 379; Bond v. Rintleman, 24 Texas Civ. App., 298; Carter v. Commissioners of Van Zandt County, 75 Texas, 286. So under the practice Act of the District and County Courts it has often been decided that a new trial can not be granted after the expiration of the term at which judgment was rendered; but the statutes on the subject of new trial have never, so far as we know, been held to preclude the institution of a proceeding in the nature of a new suit to set aside a judgment where the complaining party has been prevented by fraud on the part of the person in whose favor the judgment was rendered from

making his defense. In such cases, where an opportunity has not been afforded of moving for a new trial during the term, the equitable proceeding or action mentioned may be instituted to reopen the case and have it disposed of upon the merits. See Eddleman v. Mc-Glathery, 74 Texas, 280; Roller v. Wooldridge, 46 Texas, 485, and cases cited. In this respect we think there can be no difference between District and County Courts and Justice Courts in matters within their jurisdiction. Rose v. Darby, 33 Texas Civ. App., 341; Brown v. Dutton, 38 Texas Civ. App., 294; Crawford v. Sandridge, 75 Texas, 383; Gibson v. Moore, 22 Texas, 611; Constitution, article 5, section 19; Revised Statutes, article 1568. There is no exception to appellant's petition filed before the justice on the ground of insufficiency and it seems, at least in the absence of exception, to set forth an equitable cause for setting aside the judgment attacked and we think appellant was entitled to a trial upon the merits thereof.

The motion for rehearing will accordingly be granted and the judgment of the County Court reversed and the cause remanded for a new trial.

*Reversed and remanded.*