## SOUTHERN CASUALTY CO. v. MORGAN.*
### (No. 11848.)

Court of Civil Appeals of Texas. Fort Worth.
Oct. 1, 1927.

Rehearing Denied Oct. 29, 1927.

1. **Appeal and error** ⟶713(3)—**Rulings on demurrers and exceptions to pleadings cannot be shown by bills of exception (rule 53 for district and county courts).**

Under rule 53 for government of district and county courts, rulings on demurrers and exceptions to pleadings cannot be shown by bills of exception.

2. **Appeal and error** ⟶680(2)—**Petition which shows affirmatively that plaintiff is not entitled to relief may be attacked on appeal, even in absence of record showing disposition of demurrer (rule 53 for district and county courts).**

Insufficiency of petition to sustain judgment may be raised on appeal even in absence of showing as to rulings of trial court on demurrer on account of operation of rule 53 for district and county courts, if petition shows affirmatively and specifically upon its face that plaintiff was not entitled to any relief.

3. **Municipal corporations** ⟶873—**City's inability to become stockholder held not to render void insurance policy protecting employee of city subscribing to Employers' Insurance Association (Const. art. 3, § 52).**

Const. art. 3, § 52, providing Legislature shall have no power to authorize city to become stockholder in any association or corporation, or to lend its credit thereto, *held* not to render void policy of insurance issued in favor of city employee as result of city's subscription to Employers' Insurance Association in proceedings by employee under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309).

4. **Municipal corporations** ⟶873—**Workmen's compensation insurer held estopped to claim policy protecting city employee was void for city's ultra vires subscription to Employers' Insurance Association (Const. art. 3, § 52).**

Where insurer collected premiums on city's policy protecting employee and treated policy as binding contract by defraying employee's medical treatment, and paying employee for part of time lost, insurer *held* estopped to claim that action of city in subscribing to Employers' Insurance Association was ultra vires and void, under Const. art. 3, § 52, and that therefore no recovery could be had on policy in proceedings under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309).

5. **Master and servant** ⟶417(9) — **District court, rendering final judgment on appeal from Industrial Accident Board, should prescribe therein conditions for review (Workmen's Compensation Law [Rev. St. 1925, art. 8306, § 12d]).**

Where case is finally tried and determined by district court on appeal from decision of Industrial Accident Board, court is vested with powers conferred upon board and should pro-

vide in judgment for review under conditions and circumstances required by Workmen's Compensation Law (Rev. St. 1925, art. 8306, § 12d).

6. **Master and servant** ⟶418(7)—**Judgment in compensation proceedings omitting conditions for review will be reformed on appeal to conform to statute (Workmen's Compensation Law [Rev. St. 1925, art. 8306, § 12d]).**

Final judgment of district court in proceedings under Workmen's Compensation Law, failing to provide conditions for review as prescribed by Rev. St. 1925, art. 8306, § 12d, will be reformed on appeal to conform to statute.

Appeal from District Court, Parker County; F. O. McKinsey, Judge.

Proceeding under the Workmen's Compensation Act by Paul Morgan, claimant, against the Southern Casualty Company, insurer, for injuries sustained by claimant in the employ of the City of Weatherford. Judgment for claimant on claimant's appeal from the decision of the Industrial Accident Board, and insurer appeals. Reformed and affirmed.

Holland, Bartlett, Thornton & Chilton, of Dallas, for appellant.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellee.

DUNKLIN, J. Paul Morgan was employed by the city of Weatherford in the work of repairing the streets of the city, and while engaged in repairing a tractor used by him in such work, he sustained a fall which caused an injury to his leg and knee. Prior to the employment of Morgan, the city of Weatherford became a subscriber to the Texas Employers' Insurance Association under the Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309) and obtained an insurance policy under that law covering claims for damages for injuries sustained by its employees. The Southern Casualty Company issued a policy of insurance covering such damages. A claim for compensation under the Workmen's Compensation Law was filed by Morgan with the Industrial Accident Board, where his claim was heard and determined. From the decision of that board, Morgan prosecuted an appeal to the district court of Parker county, where a judgment was rendered in his favor against the Southern Casualty Company, defendant in the suit, and that defendant has prosecuted this appeal from that judgment.

Appellant does not question the regularity of any of the proceedings under the provisions of the Workman's Compensation Law which led up to and resulted in the final judgment, including a compliance by the city of Weatherford with the requirements necessary to become a legally authorized subscriber to the Employers' Accident Insurance Association, but it does challenge the right of the city of Weatherford to become

such a subscriber, and that is the principal question involved in this appeal.

It is insisted that the policy of insurance sued on was absolutely void and therefore could not furnish any basis for the relief prayed for by Morgan by reason of the following provisions of article 3, § 52, of our state Constitution, to wit:

"The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the state to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation, * * * or to become a stockholder in such corporation, association or company. * * *"

The recent case of City of Tyler v. Texas Employers' Insurance Association, reported in (Tex. Com. App.) 288 S. W. 409, was a suit by the Texas Employers' Insurance Association against the city of Tyler to recover $634.98 claimed as unpaid premiums on an employer's policy of insurance issued to the city of Tyler, and the further sum of $6,349.70 as penalties incurred by the city for misrepresenting its pay roll; the claims for such premiums and penalties being under and by virtue of the provisions of article 8308 of the Workmen's Compensation Law. In that case the trial court sustained a general demurrer to the petition, which judgment was reversed by the Court of Civil Appeals of the Sixth Supreme Judicial District (283 S. W. 929), but the judgment of the latter court was reversed and the judgment of the trial court affirmed by our Supreme Court in an opinion written by Justice Speer of the Commission of Appeals, Section B. As shown in that opinion, it was held that, by reason of the provisions of the Constitution quoted above, a municipal corporation, such as the city of Tyler, could not become a subscriber to the Texas Employers' Insurance Association, and that therefore its contract of subscription was void and unenforceable.

[1-3] In the present suit the answer of the defendant, the Southern Casualty Company, contained a general demurrer, but the only showing in the transcript filed in this court of any action thereon by the trial judge, is by bill of exception, and it has been held in many decisions that under rule 53 for the government of district and county courts, rulings on demurrers and exceptions to pleadings cannot be shown by bills of exception. Some of those decisions are the following: Dobson v. Zimmerman, 55 Tex. Civ. App. 394, 118 S. W. 236; Alvord Nat. Bank v. Waples-Platter Grocer Co., 54 Tex. Civ. App. 225, 118 S. W. 232; Bishop v. Mount (Tex. Civ. App.) 152 S. W. 442. However, we are of the opinion that, in the absence of any showing in the minutes of the trial court that appellant's general demurrer to the petition was overruled by that court, we believe that the question of insufficiency of plaintiff's petition to sustain the judgment can be raised for the first time in this court, if, as contended by appellant, the petition shows affirmatively and specifically upon its face that the plaintiff was not entitled to any relief. Under such circumstances, we do not believe that the court rule and the decisions noted above would be controlling. But, aside from that question, our conclusion is that the fact that the Legislature is prohibited by the Constitution from vesting a city or other political corporation or subdivision of the state with power to become a stockholder in any association or corporation, or to lend its credit thereto, does not render the policy of insurance sued on void and unenforceable. The policy of insurance was issued to the city of Weatherford, and Paul Morgan was a beneficiary thereof. A prima facie right in him to a recovery was established by the terms of the policy, and it was not necessary to establish such prima facie right to further prove that the city of Weatherford had theretofore become a subscriber to the Texas Employers' Insurance Association by a valid binding subscription contract. The fact that the city was such a subscriber and had taken out the policy by reason thereof appears from recitals in the policy, but appellant's contract as expressed in the policy to pay compensation to the employees of the city for injuries sustained by them, of the character prescribed, was positive and specific, and not conditioned upon the validity of the act of the city in becoming a subscribing member of the insurance association. The subscription contract was not a part and parcel of the contract to pay compensation to employees of the city, even though it was a preliminary basis therefor. Furthermore, the insurance policy was a separate and distinct contract between different parties and was supported by an independent consideration.

In 13 Corpus Juris, p. 502, the following is said:

"An agreement will be enforced, even if it is incidentally or indirectly connected with an illegal transaction, provided it is supported by an independent consideration, or if plaintiff will not require the aid of the illegal transaction to make out his case."

Many decisions are cited to support that announcement in the text. See, also, Floyd v. Patterson, 72 Tex. 202, 10 S. W. 526, 13 Am. St. Rep. 787.

Furthermore, the provision of the Constitution referred to was designed to protect cities, towns, and other municipalities; and in 13 Corpus Juris, pp. 499 to 500, many authorities are cited announcing the general rule in such cases that "only the party whom the law was designed to protect can take advantage of it."

In the case of City of Tyler v. Texas Employers' Insurance Association, cited above,

the city could rightfully invoke the invalidity of its subscription. That case therefore is manifestly distinguishable from the suit at bar.

This case is also distinguishable from such cases as involve contracts that are malum in se. It is clear that the act of the city in becoming a subscriber to the Texas Employers' Insurance Association was not a participation in a commercial venture for profit, but was a step taken solely in the interest of economy in the conduct of its business, and, viewed as a practical business proposition, aside from any question as to whether the city was prohibited by the Constitution to become a subscriber, its action was in accord with the sound judgment of nearly all of the best business interest of the country, since it is a matter of common knowledge that they become subscribers under the Workmen's Compensation Law.

[4] Moreover, the record shows that appellant collected premiums for the policy in suit, treated the policy as a binding contract by defraying expenses for medical treatment of Paul Morgan, the insured, and paid him in part for the time lost by reason of his injury, and has received the full benefits of the contract of insurance, which has been fully executed by the city of Weatherford, and now for the first time, in this court, has presented the defense that the action of the city of Weatherford in becoming a subscriber to the Texas Employers' Insurance Association was ultra vires and void, and by reason thereof the policy sued on was likewise void and unenforceable. As noted already, that subscription contract is not the contract sued on in this case, but is incidental thereto only. Under the facts noted, we believe that appellant is estopped from presenting that defense. We believe the following authorities support this conclusion, and they appeal to us as sound in principle: Kincheloe Irr. Co. v. Hahn Bros. & Co., 105 Tex. 231, 146 S. W. 1187; Tex. W. Ry. Co. v. Gentry, 69 Tex. 625, 8 S. W. 98; 14 Corpus Juris, pp. 326–328, and decisions there cited; Continental Fire Ass'n v. v. Masonic Temple Co., 26 Tex. Civ. App. 139, 62 S. W. 930; Dexter v. First Guaranty State Bank (Tex. Civ. App.) 180 S. W. 1172; Logan v. Tex. Bldg. & Loan Ass'n, 8 Tex. Civ. App. 490, 28 S. W. 141.

[5, 6] Section 12d of article 8306 of the Workmen's Compensation Law, reads as follows:

"Upon its own motion or upon the application of any person interested showing a change of conditions, mistake, or fraud, the board at any time within the compensation period may review any award or order, ending, diminishing or increasing compensation previously awarded within the maximum and minimum provided in this law, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review un-

der this section shall be only upon notice to the parties interested."

Since this case was finally tried and determined by the district court instead of by the Industrial Accident Board, that court is vested with the same powers as are conferred upon the Industrial Accident Board, and, since the judgment rendered purports to be and is a final judgment, it should have provided for a review of its provisions under the same conditions and circumstances as are recited in the statute above quoted. The failure to embody that provision was made one of the grounds of appellant's motion for new trial in the lower court, and an assignment of error presented to that ruling will be sustained.

Accordingly, the judgment of the trial court will be so reformed by this court as to accomplish that result, and, as so reformed, it will be affirmed. The costs of appeal will be taxed against appellee.