## BURRIS v. MYERS.
### No. 9774.

Court of Civil Appeals of Texas. Galveston.
March 31, 1932.

Rehearing Denied May 5, 1932.

See, also, 49 S.W.(2d) 930.

Burris, Norman & Green, of Houston, for appellant.

Harris & Watkins, of Galveston, and Stewart & DeLange, of Houston, for appellee.

PLEASANTS, C. J.

This appeal is from an order of the court below refusing a motion to dissolve an injunction theretofore issued by the court in a suit for that purpose, restraining appellant and Ed. Licata, constable of Galveston County, "from levying upon, seizing, selling, or otherwise molesting any property" of appellee under an execution issued on March 26, 1931, by the justice of the peace of precinct No. 1 of Harris county, on a judgment in the justice of the peace court in favor of appellee against appellant.

The grounds upon which the injunction was sought are, in substance, that the judgment upon which the execution was issued was obtained by the fraud of appellant and his attorneys, in that after appellee had filed a plea of personal privilege to be sued in Galveston county where he resides, and subject to that plea had answered appellant's suit by a general demurrer and special exceptions, and by general and special denials of appellant's right to recover upon the cause of action alleged in his petition, the attorney for appellee talked with the appellant and his attorneys and informed them of his defenses to the suit, and both appellant and his attorneys informed appellee's attorney that they would look into the matter and advise him further in reference thereto; that this conversation was had several days prior to the call of the docket of the justice of the peace on appearance day, December 9, 1930; that, not having heard further from appellant or his attorneys, appellee's attorney was present in justice court when the docket was called on December 9, but neither appellant nor his attorneys were present; that appellee's attorney after the call of the docket telephoned appellant and his attorneys and informed them that he was at the court, but they did not appear, and advised him that they were looking into the facts with reference to the note upon which the suit was based and would advise him before any further action was taken by them. Relying upon this assurance, appellee and his attorney awaited hearing from appellant before giving further attention to the suit.

It is then alleged that, in violation of their agreement, the attorneys for appellant, on March 13, 1931, without any further communication with appellee, and without controverting appellee's plea of privilege, or offering any evidence, or filing the note upon which the suit was based, induced the justice court to enter the following judgment:

"On this 13th day of March, 1931, came on to be heard in its regular order, the above numbered and entitled cause, when came the plaintiff by attorney and announced ready for trial; whereupon the defendant, although having been duly and legally served with citation and having filed an answer herein, wholly failed to appear and made default in this behalf; and the Court hearing the pleadings and finding the defendant's plea of privilege was heretofore overruled, being unverified and insufficient in law, and finding further that defendant's plea of payment is also unverified and insufficient and that plaintiff's cause of action is based upon an instrument in writing, is convinced that plaintiff is entitled to recover the full amount of his debt as set forth in his petition;

"It is therefore Ordered, Adjudged and Decreed that plaintiff, Evan W. Burris, re-

cover of defendant, A. F. Myers, the sum of One Hundred and Forty-three Dollars and Twenty-nine cents ($143.29) principal and interest, and the further sum of Fourteen Dollars and Thirty-three cents ($14.33) collection fees as provided for in the note, the basis of plaintiff's suit, together with his costs, and that this judgment bear interest from this date at the rate of 8% per annum, for all of which let execution issue."

It is further alleged: "That the actions of plaintiff in said cause and his attorney in having the aforesaid judgment entered was fraud upon said Justice of Peace and the jurisdiction of his Court, said judgment being surreptitiously and fraudulently entered at a time when said cause was not set for trial and without any hearing on evidence and without the introduction of any evidence before the Justice of the Peace and without the real consent of the Justice of the Peace and without statement to said Justice of the Peace of the facts actually existing. That the recitals in said judgment that the case came on to be heard in its regular order is untrue and incorrect and is fraudulently made by the plaintiff in said cause and his attorneys and was made for the purpose of overreaching said Justice of Peace and this plaintiff, defendant in said cause, and committing a fraud upon this plaintiff, defendant in said cause, and said Justice of the Peace; that the recitals in said judgment do not show any evidence introduced or if such recitals are intended to show evidence introduced then same are not correct and are fraudulently made. That the whole action of the said plaintiff in said cause and his attorneys in having said judgment entered was, and if permitted to stand will have the effect of working a fraud upon this plaintiff, the defendant in said cause, and having an unjust and illegal judgment against plaintiff herein, defendant in said cause, as this plaintiff, A. F. Myers does not owe the amount of said judgment, nor any part thereof, but has valid defense thereto, as is more particularly set forth hereinafter."

These allegations are followed by allegations of the payment of the note upon which appellant's suit is brought, and that appellant is not the holder and owner of the note, which was executed in favor of the Lundell Auto Company, or any part thereof, and paid no consideration for the transfer of the note to him. It is then alleged that the first notice appellee had of the rendition of this judgment against him was on June 25, 1931, when he was notified by the constable of precinct No. 1 of Galveston county that an execution upon the judgment was in his hands for enforcement; that protest to appellant and his attorneys against the attempted enforcement of the judgment had been unavailing and that the constable, Ed Licata, "is threatening to seize, levy upon and sell the properties of this plaintiff in satisfaction of said fraudulent and illegal judgment. That the time for appeal either by appeal or certiorari or other action has passed and had passed before any knowledge of this plaintiff or his attorney of the rendition of said fraudulent judgment."

"That said alleged execution is invalid for the reason that it is issued on an invalid judgment. That plaintiff is informed and believes that same was not signed by the Justice of the Peace.

"That the aforesaid judgment is absolutely void and in any event fraudulent and unconscionable and the execution thereunder is void and of no force and effect. That plaintiff herein has no other remedy and to permit said judgment to stand will result in irreparable loss, injury and damage to this plaintiff."

Appellee's petition for injunction was duly verified, and, upon its presentation to the judge of the court below in chambers on July 21, 1931, he entered thereon his fiat directing that a temporary restraining order be issued in accordance with the prayer of the petition.

On July 25, 1931, appellant filed a motion to dissolve the temporary order on the grounds that appellee's petition shows upon its face that it is an attempt to defeat the enforcement of a valid judgment of the justice court of precinct No. 1 of Harris county by a collateral attack upon such judgment; that the temporary restraining order was issued without any jurisdiction in the court to entertain such suit, and in direct violation of subdivision 17, article 1995, Revised Civil Statutes (1925).

On October 3, 1931, on which date the motion to dissolve was set for hearing, the court, after hearing exceptions presented by appellee to the motion to dissolve, refused to permit the introduction of evidence offered by appellee, and overruled the motion to dissolve.

[1] We agree with appellant that the district court of Galveston county was without jurisdiction to issue an injunction restraining the enforcement of the judgment of the justice court of Harris county. The allegations of appellee's petition show that the judgment sought to be enjoined was obtained by fraud, and, if such allegations are true, the judgment should be set aside, but it is not void upon its face, and proceedings to set it aside, or avoid it, must, under the general necessary rule for the protection of judgments rendered by a court with jurisdiction to hear and determine the issues involved in the suit, when the record shows service of citation upon the defendant, be brought in the court in which the judgment was rendered.

Any other rule would largely destroy the sanctity of judgments.

It is true that the justice court has no power or jurisdiction to issue a writ of injunction, but the remedy by a bill of review was available to appellee in that court, and, until he had exhausted all his remedies in the court which rendered the judgment, no other court had jurisdiction to determine the validity of that judgment, which, as we have before said, is not void upon its face, but is only voidable and should be set aside upon proof of the facts stated in appellee's petition in a timely proceeding taken for that purpose in the justice court. The inherent power or jurisdiction of a justice court to set aside a judgment in a suit of which the court has jurisdiction which was obtained by fraud cannot be doubted, and when, as alleged in this suit, the fraud was not discovered until the time in which an appeal or certiorari could be prosecuted, relief can be obtained by timely proceedings in the justice court on petition in the nature of a bill of review. Mann v. Brown (Tex. Civ. App.) 201 S. W. 438; Lackie v. Bramlett, 1 White & W. Civ. Cas. Ct. App. §§ 1129, 1130; Alvord Nat. Bank v. Waples-Platter Grocer Co., 54 Tex. Civ. App. 225, 118 S. W. 232; Malott v. City of Brownsville (Tex. Com. App.) 298 S. W. 540.

Subdivision 17 of article 1995, referred to and pleaded by appellant, is a statutory rule of venue and does not control the fundamental jurisdictions of courts. This is obviously true because these rules of venue can only be available to a defendant when specially pleaded under oath, as prescribed by the statute, and, appellant having offered no plea of venue or privilege in this case, the cited provision of the statute would not defeat the jurisdiction of the trial court to hear and determine the suit for injunction, but the rule which requires that a judgment valid on its face can only be set aside or avoided by a proceeding brought in the court in which the judgment was rendered defeats the jurisdiction of any other court to hear and determine a suit to avoid such judgment. If it was necessary to obtain an injunction to protect appellee from injury by the sale of his property pending a hearing on a motion or petition in the justice court to set aside the default judgment, the district court would have jurisdiction to issue an injunction as ancillary to proper proceedings in the justice court. But, so long as a proceeding by bill of review remains open to appellee, he cannot, without availing himself of that remedy, invoke the equitable injunctive powers of a district court.

The judgment of the trial court must, in our opinion, be reversed, and judgment here rendered for appellant dissolving the injunction.

Reversed and rendered.