**SOUTHERN SALES CO. et al. v. PARKER et al.**

No. 2247.

Court of Civil Appeals of Texas. Beaumont.

Oct. 27, 1932.

C. Huggins, of Sherman, for plaintiffs in error.

John F. McLaurin, of San Augustine, for defendants in error.

LAWHON, J.

This is an appeal from an order granting a temporary injunction against Southern Sales Company, C. Huggins, and H. J. Wilkinson, restraining them from levying an execution issued by the justice of the peace of precinct No. 1 of Grayson county, Tex., on property of Sam Parker, Mrs. Judy Parker, and F. K. Parker of San Augustine county, plaintiffs in this suit.

Plaintiffs alleged in their petition that they and the defendant Southern Sales Company had some character of business dealings, but that the defendant Southern Sales Company would not adjust a matter growing out of such transactions as plaintiffs thought right, and that the Southern Sales Company brought suit against them on an open account in justice court, precinct No. 1, Grayson county, Tex.; that they filed a plea of privilege to be sued in San Augustine county and employed an attorney to look after the case for them; that their attorney did not notify them of the overruling of their plea of privilege, and, on August 24, 1931, wrote them that the case was set for trial on the 28th day of August, A. D. 1931; that at the time this letter was written judgment had theretofore, on July 9, 1931, been rendered against them. The judgment was for $168.12. It was further alleged that the judgment was for a greater sum than they owed the Southern Sales Company, and that an execution had been issued on said judgment and placed in the hands of H. J. Wilkinson, one of the defendants in this suit, he being sheriff of San Augustine county, Tex.

There is nothing in the petition to show why C. C. Huggins was made a party. It was alleged that the execution was issued on a void judgment, and that, unless the defendants in this suit were restrained, a levy would be made on their property. This petition was sworn to by F. K. Parker, one of the plaintiffs, and was presented to Hon. G. E. Richardson, district judge of the first judicial district, on December 18, 1931. He indorsed on the petition an order granting the injunction upon plaintiffs' giving bond, which bond was duly filed and a writ of injunction issued. The appeal is before us solely on the allegations contained in the petition.

Appellants say that the injunction was improperly granted because it is not shown that the judgment out of which the execution issued was void, but that, if the judgment was void or was improperly rendered, the defendants therein should have exhausted their legal remedies of appeal, certiorari, or proceedings in the nature of a bill of review in the court rendering the judgment.

From the allegations of the petition the judgment rendered in the justice court of precinct No. 1 of Grayson county, Tex., was not void. The amount involved was within the jurisdiction of the court, and it is alleged that they were served with citations and employed an attorney to represent them in the case. In Cotton v. Rhea, 106 Tex. 220, 163 S. W. 2, 4, the Supreme Court, in an opinion by Judge Phillips, said: "Viewing the question as it arises under the cause of action presented in the petition which concerned the validity of the county court judgment, the district court at all events and regardless of the effect of article 4653, R. S. 1911, upon the authority to enjoin the enforcement of a void judgment of another court, was without jurisdiction to interfere with its execution if it was not void; and this part of the question may be resolved, therefore, by determining that of the validity of the judgment."

The court then held that the judgment under consideration was not void because the county court had complete jurisdiction to try the cause, and held that however erroneous the judgment of the lower court might have been, the district court had no jurisdiction to grant the writ of injunction. In Mann v. Brown, 201 S. W. 488, 441, by the Galveston Court of Civil Appeals, the court said: "It being shown by the record that the justice court had jurisdiction to render the judgment in favor of appellee Bryan against appellant Mann, and to foreclose the attachment lien on the property involved in this suit, and that upon the trial of said cause it found that said property was subject to said lien, we hold that the judgment of said justice court was a valid judgment, was not void, and therefore the district court of Anderson county was without jurisdiction to enjoin the enforcement and

execution of the same. Rountree & Green v. Walker, 46 Tex. 200; Denson v. Taylor [Tex. Civ. App.] 132 S. W. 811; G., H. & S. A. Ry. Co. v. Dowe, 70 Tex. 1–5, 6 S. W. 790. See note 30 L. R. A. 702–706; Odom v. McMahan, 67 Tex. 292, 3 S. W. 286; Tex. Mex. Ry. Co. v. Wright, 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200; Frazier v. Coleman [Tex. Civ. App.] 111 S. W. 662."

The petition does not allege any fraud, accident, or mistake in procuring the rendition of the judgment in the Grayson county suit. The only complaint made in procuring this judgment is that their own attorney did not notify them of the setting of the case for trial and that he gave them wrong information as to the facts. Nothing is charged against the plaintiff in that suit. This certainly would not justify the issuance of an injunction by one court restraining the execution of a judgment in another court unless the judgment was void on its face. In Clayton v. Stephenson (Tex. Civ. App.) 254 S. W. 507, 508, the court said: "It is an established rule in this state that a party to a suit may not obtain an injunction to restrain the execution of a judgment rendered therein unless he shows a good excuse for not seeking such relief in the original case in which judgment was rendered either by motion for new trial or by appeal or writ of error from the judgment."

If plaintiffs in this suit could get any relief by reason of their attorney's negligence, they would certainly have to show that they had exhausted all of their legal remedies before an injunction could be granted in any court. It is not alleged when they learned of the rendition of the judgment. At the time they received the letter from their attorney on August 24, 1931, they had ample time in which to remove the case to the county court by certiorari. Rev. St. art. 946. In the case of Clayton v. Stephenson, supra, it is said: "But relief against judgments cannot be granted on the ground that, as the result of the ignorance, neglect, or mistakes of a litigant's lawyers, his rights were not fully protected in the litigation closed by the judgment."

Injunctions will not be granted to restrain the execution of a void judgment where the parties have had an opportunity to have the judgment reviewed by appeal, writ of error, or other legal methods. In Tex. Mex. Ry. Co. v. Wright, 88 Tex. 346, 31 S. W. 613, 614, 31 L. R. A. 200, the court there held that the justice court judgment was void because no service was had upon the defendants. In an opinion by Judge Brown, the Supreme Court said: "The judgment of the justice of the peace, enjoined in this case, was void because the court which rendered it had no jurisdiction of the defendant. [Gulf, C. & S. F.] Railway Co. v. Rawlins, 80 Tex. [579], 581, 16 S. W. 430.

But the court below and the court of civil appeals correctly held that the defendant in that judgment, having the right to a writ of certiorari, could not sue out an injunction to stop the execution of the judgment. The case of [Galveston, H. & S. A.] Railway Co. v. Ware, 74 Tex. 47, 11 S. W. 918, cited and followed by the court of civil appeals, lays down the correct doctrine upon this question."

The Commission of Appeals, in Svoboda v. Alexander, 3 S.W.(2d) 423, 424, said: "When a judgment purports to have been rendered by a justice court, in a suit of whose subject-matter the court has jurisdiction, the absence from the justice court record, or from the judgment itself, of a recital of the specific facts upon which the validity of the judgment depends, does not invalidate the judgment or destroy the presumption of regularity in its rendition."

The decision held that the district court had no authority to grant the injunction because the judgment did not on its face show to be void. It was further held in the same opinion that, before the execution of a judgment can be enjoined, the parties must exhaust their legal remedies of appeal or certiorari. Judge Speer, in Southern Surety Co. v. Texas Oil Clearing House (Tex. Com. App.) 281 S. W. 1045, held that either a void or a voidable judgment could not be enjoined until the parties had exhausted their legal remedies by appeal or writ of error. The case of G., H. & S. A. Railway Co. v. Ware, 74 Tex. 47, 11 S. W. 918, 919, is a leading case on this question. There it was sought to enjoin the execution of a number of justice court judgments and in this opinion, by Judge Gaines, it is said: "We are of opinion, however, that the general rule of equity should apply; and that if the defendant in the void judgment has had an opportunity to avail himself of a legal remedy to vacate it, and has neglected to make use of it, relief by injunction should be denied him."

In a late case by the Galveston Court of Civil Appeals, Burris v. Myers, 49 S.W.(2d) 931, Chief Justice Pleasants held that an injunction could not be granted to restrain the execution of a judgment of a justice court not void on its face without exhausting all remedies to have it set aside in the trial court. This case holds that a defendant in such cases would be required not only to resort to an appeal or certiorari, but also to bring proceedings in the nature of a bill of review to set aside the judgment if the term of court had expired. In this case it was alleged that the judgment was procured by fraud. In that case a judgment was rendered in justice court, precinct No. 1, of Harris county, Tex., and the injunction was granted by a district judge of Galveston county, Tex. Judge Pleasants holds that the district court had no jurisdiction, as proceedings to set aside a judg-

ment not void on its face should be brought in the court in which the judgment was rendered.

The petition in the case under consideration does not allege a meritorious defense to the cause of action in the justice court. It is merely alleged that the judgment was for a greater amount than the plaintiffs owed. The amount of the excess is not shown and no facts are alleged to apprise the court of the nature of the defense they had to such excess. If plaintiffs are contending that the judgment was procured by fraud, accident, or mistake, before they can get relief, after the close of the term, it is necessary for them to show that they had a meritorious defense and that the failure to avail themselves of such defense was not the result of negligence or want of diligence on their part. In such cases the court in which relief is sought examines the entire case and renders such judgment as equity demands. The petition in this case is wholly insufficient for such purpose. Overton v. Blum, 50 Tex. 417; Southern Surety Co. v. Texas Oil Clearing House (Tex. Com. App.) 281 S. W. 1045; Cooper v. Cooper (Tex. Civ. App.) 260 S. W. 679.

The judgment of the lower court granting the temporary injunction is reversed and the injunction dissolved.