**SCHULTZ et al. v. MABRY et al.**

No. 2473.

Court of Civil Appeals of Texas. Beaumont.

May 26, 1933.

T. N. Hill and E. B. Votaw, both of Beaumont, for appellants.

D. E. O'Fiel, of Beaumont, for appellees.

O'QUINN, Justice.

This is an appeal from a judgment refusing to dissolve a temporary injunction.

On July 8, 1932, Dr. E. V. Henry sued Ralph Rundle in the justice court of precinct No. 1 of Jefferson county, and at the time of filing the suit attached certain personal property, to wit, one popcorn popper and one copper kettle, as the property of defendant Rundle. July 9, 1932, Rundle replevied the property with C. D. Mabry and W. R. Blain as bondsmen on his replevy bond, and the property was released to Rundle. The citation out of the justice court issued July 8, 1932, was not served on defendant Rundle, the officer's return showing that Rundle could not be found. Thereupon service by publication was duly and legally had on Rundle, and on September 15, 1932, the cause was heard in said justice court, and judgment by default rendered for plaintiff Henry in the sum of $25 and costs against Ralph Rundle as principal and C. D. Mabry and W. R. Blain as sureties on the replevy bond.

In due time execution was issued out of said justice court on said judgment, and thereafter appellees C. D. Mabry and W. R. Blain removed the cause from said justice court by certiorari to the county court at law of Jefferson county, which, on motion of appellant Henry, was dismissed by the judge of said court on November 26, 1932. Thereafter, on December 14, 1932, an alias execution was issued out of the justice court and was levied by J. D. Graham, the then constable of said justice precinct No. 1, and predecessor of appellant Ralph Schultz, on certain real estate belonging to appellee C. D. Mabry, and said property was advertised to be sold on February 7, 1933. February 6, 1933, on petition of appellees Mabry and Blain, temporary injunction was issued out of the Fifty-Eighth district court of Jefferson county, restraining said sale. Appellant duly filed motion to dissolve said injunction, which motion was refused, and this appeal is from that order overruling the motion to dissolve.

It is well settled that the justice court is an inferior court of general and exclusive jurisdiction, within certain limited amounts, under the Constitution (art. 5, § 19), and a judgment of the justice court, valid on its face, cannot be set aside or annulled by the district court, nor its execution enjoined by the district court. The judgment here sought to be enjoined is regular on its face, shows that the justice court had jurisdiction of the subject-matter and of the person of the defendant, and that a writ of attachment was issued out of said court and properly levied upon the personal property of the defendant Rundle, and that said property was replevied by him with appellees Mabry and Blain as sureties on his replevy bond. It further shows that judgment was rendered in favor of the plaintiff in said suit against Rundle as principal and against Mabry and Blain as sureties on the replevy bond. The judgment being regular on its face, is not void, and the district court was without authority to enjoin its execution. Burris v. Myers (Tex. Civ. App.) 49 S.W.(2d) 931; Mann v. Brown (Tex. Civ. App.) 201 S. W. 438 (writ refused); Cot-

ton v. Rea, 106 Tex. 220, 163 S. W. 2; Southern Sales Co. v. Parker (Tex. Civ. App.) 54 S.W.(2d) 217. Furthermore, it is not shown by applicants for injunction that their principal had a meritorious defense to the cause of action asserted against him. This was necessary. Southern Surety Co. v. Texas Oil Clearing House (Tex. Com. App.) 281 S. W. 1045. Moreover, if the time for an appeal from the judgment had elapsed and the judgment thus had become final, still defendants in said judgment had their remedy at law by filing in said court a bill of review to set aside the judgment. In the absence of availing themselves of this remedy, they cannot invoke the equitable injunctive powers of a district court. Burris v. Myers (Tex. Civ. App.) 49 S.W.(2d) 931, 933.

The judgment of the trial court must, in our opinion, be reversed, and judgment here rendered for appellant dissolving the injunction, and it is so ordered.

Reversed and rendered.