## BELKNAP HARDWARE & MFG. CO. et al. v. LIGHTFOOT.
### No. 1311.

Court of Civil Appeals of Texas. Eastland.
Sept. 21, 1934.

Y. W. Holmes, of Comanche, for appellants.

F. O. Jaye, of De Leon, for appellee.

HICKMAN, Chief Justice.

Upon the petition of appellee, a temporary writ of injunction was granted by the district judge enjoining appellant and a constable from selling certain property under a writ of execution issued out of one of the justice courts in Comanche county, which temporary injunction was, after a trial on the merits, made permanent, and the appeal is from the order making same permanent.

As grounds for the injunctive relief, appellee alleged, in substance, that in 1930 he was served with a citation, which citation commanded the officer to summon "Rucker Service Station," and did not contain his name; that by reason of this defect in the citation he refused to appear and answer in said cause. He then alleges that "his attorney took the matter up with the Justice of the Peace * * * and merely called the court's attention to the fact that the process therein was void and the plaintiff's pleading, which was his verified account, did not state a cause of action against this plaintiff, who was the purported defendant therein." Allegation is next made that the justice of the peace "recognized the omission of said legal requirements and forthwith dismissed said cause from the docket, but that the same was taken without this plaintiff having made an appearance in said cause, or without having filed an answer to the same." A further allegation is that the matter was dismissed from his mind "and was not again called to his attention until sometime in the early part of the year 1932 when he received a letter from Y. W. Holmes saying he expected to call said case for trial, and same had been set down for a hearing by said Justice of the Peace, aforesaid." The petition then contained allegations of a meritorious defense. As a justification for not prosecuting his legal remedy, he alleged that he did not learn of the rendition of said judgment until the time had expired within which he could appeal the case to the county court, or take same there by writ of certiorari.

Upon the trial of the case it was developed that the citation served upon appellee in the justice court proceeding had been lost, and oral testimony as to its contents was given by appellee and his attorney over appellant's objection. This testimony was to the effect that the officer was commanded to summon "Rucker Service Station," and that appellee's name did not appear in the citation. The docket of the justice court showed that the suit was against J. L. Lightfoot. The judgment recited legal service. The justice of the peace died before the trial below in the district court. The evidence further showed that the attorney who is now representing appellee was in the courtroom of the justice of the peace on the return day of the original citation, and called the attention of the court to the irregularity in the citation and to the insufficiency of the verified account. Oral testimony was also offered to show that the attorney was not authorized by appellee to represent him in the cause, and that appellee received no notice that the case was to be tried some two years after

same was filed. It was admitted that the attorney now representing him had been notified of the intention of appellant to have the case tried at that time, but it was denied that the attorney was then representing the appellee. We cannot consider this last testimony for any purpose, because the petition upon which the injunction was granted alleged that the appellee himself received a letter from appellant's counsel in 1932 notifying him he expected to call said case for trial, and that same had been set down for a hearing. Neither can we give any effect to the oral testimony that the attorney who appeared in the justice court in answer to the original citation in 1930 was not in fact appellee's attorney, for it is alleged in the petition for injunction as follows: "Plaintiff would further show to the court that his attorney took the matter up with the justice of the peace. * * *"

■ For several reasons the injunction should not have been granted. While the citation was legally insufficient, in that it cited appellee by his trade-name rather than by his real name, the effect of the action of his attorney in appearing in the courtroom and calling the attention of the court to the defect in citation, and also to the defect in the itemized account, was to enter his appearance therein, doing away with the necessity of any further citation. 4 Tex. Jur. pp. 634 to 639. In arriving at this conclusion, we consider only the petition, and do not consider the oral testimony contradicting the allegations thereof.

■ But, regardless of whether the petition should be construed as alleging an appearance, we do not think the defect in the citation rendered the judgment void and its enforcement subject to be enjoined by the district court. There is no question but that "Rucker Service Station" was the trade-name of the appellee. He was not misled by the citation, and knew he was the party intended. There is no question but that he was personally served. Of course, he could have had the citation quashed. But the question here presented is whether he could ignore the citation and later, when it was sought to enforce the judgment, have an injunction issue out of the district court to prevent its enforcement. That he could not do so is well settled by the following authorities: McGhee v. Romatka, 92 Tex. 38, 45 S. W. 552; Abilene Ind. Tel. & Tel. Co. v. Williams, 111 Tex. 102, 229 S. W. 847; Whittinghill v. Oliver (Tex. Civ. App.) 38 S. W.(2d) 896.

■ If the petition be construed as seeking relief from the judgment of the justice of the peace on the ground that appellee was deceived by the alleged statement of the justice that the case had been dismissed, such construction would nevertheless fail to authorize the injunctive relief granted below. No judgment of dismissal was ever entered, and the judgment of the justice of the peace recites legal service. If, in fact, appellee was misled by statements made by the justice of the peace, the relief to which he would be entitled would be to have the judgment set aside in an original suit in the nature of a bill of review brought in the justice court for that purpose. The power or jurisdiction of a justice court to set aside a judgment in a suit of which it has jurisdiction, when such judgment was obtained by fraud, unmixed with the defendant's neglect, does not differ from the power of district and county courts in matters within their jurisdiction. Alvord Nat. Bank v. Waples-Platter Gro. Co., 54 Tex. Civ. App. 225, 118 S. W. 232; Burris v. Myers (Tex. Civ. App.) 49 S.W.(2d) 931, 933. An injunction should not be issued by a district court against the enforcement of a judgment of the justice court, regular upon its face, when relief from such judgment could be obtained by a suit in the justice court in the nature of a bill of review. It is fully recognized that a justice court has not jurisdiction to issue a writ of injunction, and that, had appellee instituted suit in that court to correct the alleged defect in the judgment complained of, he could not have procured an injunction against the sale of the property levied on under the execution theretofore issued therein, but, as is pointed out in the authority last above cited, a suit should have been filed in the justice court prior to the filing of the application for injunction in the district court. This thought is well expressed by Chief Justice Pleasants in the opinion in Burris v. Myers, supra, in this language: "If it was necessary to obtain an injunction to protect appellee from injury by the sale of his property pending a hearing on a motion or petition in the justice court to set aside the default judgment, the district court would have jurisdiction to issue an injunction as ancillary to proper proceedings in the justice court. But, so long as a proceeding by bill of review remains open to appellee, he cannot, without availing himself of that remedy, invoke the equitable injunctive powers of a district court."

There is absent from this petition, as well as from the statement of facts, any showing that a proceeding is pending in the justice

court to correct the judgment on account of any alleged fraud or deception, and, because of its absence, the district court was not authorized to enjoin the execution of the judgment on the ground of fraud in its procurement.

The judgment of the trial court will be reversed, and judgment will be here rendered dissolving the injunction.

Reversed and rendered.