### TEXAS SOAP MFG. CORPORATION v. McQUEARY et al.

#### No. 4265.

Court of Civil Appeals of Texas. El Paso.

April 1, 1943.

F. F. Beadle, of Houston, for appellant.

Alto B. Cervin and Kennemer & Armstrong, all of Dallas, for appellees.

SUTTON, Justice.

This is an appeal from the 44th District Court of Dallas County.

The suit was by the appellant, Texas Soap Manufacturing Corporation, to enjoin temporarily and permanently the levy of an execution issued on a judgment rendered by default against Texas Soap Company, by the Justice Court of Dallas County for $113, and to enjoin the collection of such judgment in any manner out of the money and property of the appellant, and in the alternative to review the

proceeding had in the Justice Court. A trial was had to the court without a jury, and judgment rendered denying the relief sought and dismissing the cause for want of jurisdiction. From that judgment this appeal is prosecuted.

The parties will here be referred to as in the trial court.

The plaintiff has briefed five points wherein it asserts the court erroneously denied the relief sought, because as to it the judgment of the Justice Court, as disclosed by the record, is wholly void; and in the alternative, if not void, it is nevertheless, subject to attack on equitable grounds in the District Court, a court having jurisdiction sufficient to dispose of the entire controversy.

No questions are raised on the pleadings. They were apparently deemed sufficient and are regarded as sufficient to present the issues here to be determined.

J. L. McQueary filed suit in the Justice Court, Precinct No. 1, Dallas County, July 19, 1941, without formal pleadings, against Tedisco Supply Company, a corporation, and Wallace G. Banks, to recover $93 for labor and $20 attorney's fees. August 15, 1941, he amended and sued Texas Soap Company, a corporation. On the same date citation issued to Harris County commanding the summons of Texas Soap Company, a corporation. The return on the citation shows service on the named defendant by leaving in its principal office a true copy of the writ during business hours. On September 8, 1941, a judgment by default was taken with writ of inquiry and on September 16, 1941, proof of damages was made. The judgment entered on the docket sheet recites legal service on the named defendant and default, and was for the total sum of $113 and costs.

The undisputed evidence shows the plaintiff, Texas Soap Manufacturing Corporation, had at all relevant times an office in "the Exchange Building in the stock yards company." Here the President, Secretary and Treasurer of the plaintiff had their office. The books are kept there and much of the business of the concern is transacted there, and the clerical help work there. Down the road from this office the distance of about two blocks is the soap plant where a Mr. F. H. Kellner, described as the Plant Superintendent, and one stenographer maintained a small office. Kellner superintends the soap plant and orders and statements are handled at his office.

The citation was left at Kellner's office. On the date it was shown served, August 18, 1941, Kellner wrote a letter to W. L. Sterrett, the Justice of the Peace who issued it, wherein he advised Mr. Sterrett the citation had been left at his office; that Mr. McQueary had never been employed by the "Texas Soap Mfg Corp" nor in any way connected with it; that Mr. Banks was a customer but not employed or connected with his firm, and concluded:

"Therefore we are returning herewith the summons which does not in any manner shape or form concern the Texas Soap Mfg Corp."

This letter is on the letter sheet of the plaintiff which shows its name in full and describes J. W. Sartwelle as President and General Manager; W. A. Paddock, Vice President; W. S. Cochran, Secretary and Treasurer, and F. H. Kellner, Superintendent of Plant.

The undisputed evidence further shows this matter never otherwise reached the attention of any official of the plaintiff until January 5, 1942, when a Deputy Sheriff of Harris County appeared at Kellner's office with an execution.

Mr. McQueary testified he dealt only with Mr. Banks; that he received two checks, which he believed came from Texas Disinfectant Company of Houston; that he discovered there was no such concern as Tedisco Supply Company, and changed his suit to Texas Soap Company, because Banks had told him he was the head of such company.

The petition encompassed all the facts briefly recited above, which were pleaded as a defense, where applicable, if the suit were against plaintiff and set forth the course it would have pursued had it been properly brought before the Justice Court, including the matter of filing a plea of privilege, and that time for appeal and certiorari had expired.

The defendant, McQueary, answered with a motion to dismiss the suit for want of jurisdiction, a general denial and specially with the facts as to the filing of the suit, the service of the citation, the letter by Kellner, which was asserted to be an answer, and the rendition of the judgment.

Defendant's counter-points are: That appellant's remedy is by bill of review in the Justice Court; that the Kellner letter constituted an appearance; that the citation was left at the principal office of appel-

lant and was sufficient to put it upon notice it was sued; because citation served upon appellant is sufficient to bind it though taken against the Texas Soap Company. There are arguments and amplification of these points.

The judgment was reduced to writing on the docket sheet of the Justice Court. It is regular on its face in every respect and imports perfect verity as between the parties to it. It is not, therefore, void in the generally accepted and legal sense, but as is true of any other judgment, ineffective as to all not parties to it. The question then arises, is the appellant under the record here a party to it? If it is, it must result from the manner in which the service was had or from the Kellner letter. There is no proof in this record that McQueary knew anyone in his dealings but Banks. He originally sued the Tedisco Company, because he had been furnished cards to hand out to customers with that name on them, and amended and sued the Texas Soap Company, because Banks had told him he was the head of such a company. He knew nothing of appellant. This is his testimony. There is nothing in the testimony or record that McQueary had had any sort of controversy with appellant, or that he was endeavoring to sue it. His testimony is he had had nothing to do with appellant. In the Abilene, etc., Tel. Co. v. Williams case, 111 Tex. 102, 229 S.W. 847, and Adams v. Consolidated Underwriters, 133 Tex. 26, 124 S.W.2d 840, there was and had been a bona fide controversy between the parties, plaintiff and defendant, of which the defendants were fully aware. The defendants were not and could not be mistaken or misled. In this case McQueary was both personally and in business a stranger to appellant. The officer had mistakenly attempted to serve the process on the wrong party. In the cases cited the right party beyond any question had been sued but by the wrong name. Can it be said a resident of Harris County, mistakenly served, a stranger to the record and litigation, must go to Dallas County and establish that fact? We think not. The effect of the Kellner letter is to advise the court of these facts.

A judgment being wholly ineffective as against one not a party to the suit is in a sense void as to him and subject to collateral attack. Green et al. v. Robertson, 30 Tex.Civ.App. 236, 70 S.W. 345, writ refused. A stranger to a judgment may collaterally attack it if his rights are adversely affected or prejudiced thereby. Heard v. Vineyard, Tex.Com.App., 212 S.W. 489. We think under the record here it is plain the officer who served the citation made a mistake in identity and it is not a mere misnomer, and we hold under the facts here the citation was insufficient to require appellant to take any note of the suit; that it is not bound by it and had the right to attack it collaterally. State Mortg. Corp. v. Traylor, 120 Tex. 148, 36 S.W.2d 440, and cases supra.

This brings us to a consideration of the effect of the Kellner letter. We think it apparent the letter was neither intended nor regarded by any interested party as an answer or appearance. On the other hand, if it were it would be essential that Kellner have authority to answer and make an appearance, or be such an officer of the corporation as would be so authorized. This we do not regard as the situation. Kellner was not an officer upon whom citation might have been served under Art. 2029, Vernon's Statutes. It is said in C.J. S., vol. 19, p. 1000, Corporations, § 1317: "Service of process may be accepted or acknowledged on behalf of the corporation by any one authorized by the corporation to do so or any one on whom the process may be served." It is said in Fox v. Robbins, Tex.Civ.App., 70 S.W. 597, bottom last column page 599, that such an officer may waive service of citation if made in good faith as an officer and representative. We think the inference plain and that the law is and must be only such officers and those with authority may waive process and enter an appearance. We are of the opinion, therefore, that Kellner was neither authorized nor such an officer as might waive service or enter an appearance.

The next question presented is, appellant not being a party to the record and judgment, was it properly entitled to the relief it sought? We think it was. There can be no doubt that injunction is the proper remedy to avoid the collection of a judgment out of the property of a stranger to the judgment. Carey v. Looney et al., 113 Tex. 93, 251 S.W. 1040, and cases there cited. The Justice Court has no jurisdiction to issue writs of injunction. Where the amount in controversy is below $200, the County Court is without jurisdiction to issue such writs (De Witt County v. Wischkemper, 95 Tex. 435, 67 S.W. 882), and such jurisdiction is exclusively in the District

Court. Blanket State Bank v. Redwine, Tex.Civ.App., 77 S.W.2d 558, and cases cited.

We do not regard Burris v. Myers, Tex.Civ.App., 49 S.W.2d 931, and Schultz v. Mabry, Tex.Civ.App., 60 S.W.2d 1045, cited by appellee as applicable. The parties there were all parties to the suit and to the judgment, and not strangers thereto.

It follows that this court is of the opinion appellant was entitled to have the collection of the judgment in the Justice Court in any manner restrained. We think complete relief may be had if appellee McQueary be thus restrained. The judgment of the trial court is reversed and judgment is here rendered that appellant have its injunction permanently restraining the appellee McQueary from taking out any process whatsoever on the judgment in the Justice Court looking to the collection and enforcement of that judgment against appellant, on the furnishing of the statutory bond.

We deem it unnecessary to discuss the other questions presented on this appeal.

WALTHALL, J., not participating.